1833.

TUTHILL
v.
LUPTON.

TUTHILL vs. LUPTON.

The court will not grant the defendant means to carry on a defence to a judgment creditor's bill out of the property enjoined.

*February* 18.
133.

*Debtor and Creditor. Money in court to defend suit.*

THE bill was filed by a judgment creditor; and the defendant admitted he had tools, furniture barely sufficient for himself and his three children, clothing, and a claim as the next of kin to his son Hiram Lupton, deceased, for a distributive share of his estate in the hands of an administrator, but could not say what amount would be coming to him on a final settlement of his son's estate; and that, whatever might be realized therefrom was all the estate of every kind either in his own hands or in the hands of any other person to which he was entitled.

A motion was now made to modify the injunction, so as to permit the defendant to receive a portion of the property in order to pay the expenses of defending the suit.

Mr. *J. R. Whiting*, for the defendant and in support of the motion.

Mr. *M. Ulshoeffer*, for the complainant.

*February* 19,

THE VICE-CHANCELLOR. This motion cannot be granted. The court is not in the habit of ordering an advance out of the fund in dispute for the purpose of feeding litigation: *Tillotson* v. *Crook*, 4. *Mad. C. R.* 172 ; 2 *Simons*, 40.

The complainant has acquired a *prima facie* lien on this money ; and, in order to upset it, the defendant must rely upon his subsequent earnings for the means of making his defence. These are secured to him by the general charity included in the 195th rule of the court ; and they are all he can have.