C. F. G. Meyer, Assignee, Respondent, *v.* Jefferson Insurance Company et al., Appellants.

February 5, 1878.

1. Where the trustee in a deed of trust given to secure an indebtedness to a bank, in which he is a stockholder, and of which he is managing officer, has knowledge that the bank is ready and willing to pay five times the amount bid at the sale, he abuses his discretion by striking the property off to the bank at one-fifth of its cash value. Under such circumstances, where there are no other bidders, he should adjourn the sale, and make a further effort to protect the debtor. Such a sale is fraudulent in law, and should be set aside by a court of equity upon proper application.

2. Under such circumstances, where the debt secured by the deed exceeds the value of the mortgaged property, the assignee of the bankrupt mortgageor may commence proceedings to set aside the sale under the deed of trust, without offering to redeem.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

KEHR & TITTMAN, for appellants: If, owing to the fact that the trustee was also the appellant's secretary, the company is to be treated as a mortgagee buying at its own sale, the respondent has the right to redeem, and nothing more. — *Landrum* v. *Union Bank*, 63 Mo. 48; *Goode* v. *Comfort*, 39 Mo. 327; *Allen* v. *Ransom*, 44 Mo. 263; *Reddick* v. *Gressman*, 49 Mo. 389; *Thornton* v. *Irvin*, 43 Mo. 153; *McNees* v. *Swaney*, 50 Mo. 388. Mere inadequacy of consideration, unaccompanied by proof of fraud, unfairness, or collusion, is no ground for setting aside a sale. — *Stoffel* v. *Schroeder*, 62 Mo. 147; *Vail* v. *Jacobs*, 62 Mo. 130; *Phillips* v. *Stewart*, 59 Mo. 491; *Ames* v. *Gilmore*, 50 Mo. 549; *Wagener* v. *Phillips*, 51 Mo. 117; *Mitchell* v. *Jones*, 50 Mo. 438; *Curd* v. *Lackland*, 49 Mo. 451; *Carter* v. *Abshire*, 48 Mo. 300; *Judge* v. *Booge*, 47 Mo. 550; *Hannibal, etc., R. Co.* v. *Brown*, 43 Mo. 296; *Meier* v. *Zeller*, 31 Mo. 331; *Nelson* v. *Brown*, 23 Mo. 21; *Hammond* v. *Scott*, 12 Mo. 11; *Holmes* v. *Fresh*, 9 Mo. 200. The only right which the respondent acquired when he took the assignment of the equity of redemption was the right to redeem the land, upon payment of the debt and interest. — *Whalen* v. *Rielly*, 61 Mo. 565; *Jones* v. *Mack*, 53 Mo. 151; *Wright* v. *Barr*, 53 Mo. 340; *Rutherford* v. *Williams*, 42 Mo. 33; *Goldsmith* v. *Osborne*, 1 Edw. Ch. 560; *Schwartz* v. *Sears*, Walk. Ch. 172; *Dunham* v. *Jackson*, 6 Wend. 35; *Schoonhaven* v. *Pratt*, 25 Ill. 457; *Penny* v. *Cook*, 19 Iowa, 538; *Goodenow* v. *Curtis*, 33 Mich. 510; *Adams* v. *Brown*, 7 Cush. 223; *Mann* v. *Richardson*, 21 Pick. 360; *Cholmley* v. *Countess of Oxford*, 2 Atk. 267; *Drew* v. *O'Hara*, 2 Ball & B. 555; *Lackey* v. *Bostwick*, 54 Ga. 45; *Roberts* v. *Trammell*, 55 Ga. 383.

FINKELNBURG & RASSIEUR, for respondent; H. HAEUSSLER and R. SCHULENBURG, for the creditors: A trustee in

a deed of trust, with power of sale, is the agent of both debtor and creditor, and must exercise a sound discretion so as to protect the rights of both parties. — *Montague* v. *Dawes*, 14 Allen, 373 ; *Johnson* v. *Eason*, 3 Ired. Eq. 330 ; *Stine* v. *Wilkson*, 10 Mo. 93 ; *Goode* v. *Comfort*, 39 Mo. 329 ; *Chesley* v. *Chesley*, 49 Mo. 542 ; 2 Am. L. Reg. (N. s.) 712.    The power of a trustee to sell at public auction, after a certain public notice of the time and place of sale, includes the power to adjourn the sale to a subsequent day.    And, in the exercise of a sound discretion, it becomes his duty to do so whenever it seems to be necessary in order to obtain the fair auction price for the property. — *Judge* v. *Booge*, 47 Mo. 550 ; *Richards* v. *Holmes*, 18 How. 147 ; *Rosett* v. *Fisher*, 11 Gratt. 498 ; 2 Am. L. Reg. (N. s.) 721.    In the absence of bidders, the trustee should adjourn the sale.    If he does not do so, and the price realized is grossly inadequate, it shows a want of that sound discretion which the law makes it incumbent upon him to exercise, and a court of equity will set aside the sale, particularly where the property is sold to and is still held by the creditor. — *Vail* v. *Jacobs*, 62 Mo. 131 ; *Stoffel* v. *Schroeder*, 62 Mo. 147 ; *Fairfax* v. *Hopkins*, 2 Cranch, 134 ; *Wright* v. *Wilson*, 2 Yerg. 294 ; *Horsey* v. *Hugh*, 38 Md. 130 ; *Quarles* v. *Lacy*, 4 Munf. 251 ; *Mathie* v. *Edwards*, 2 Coll. on Part. 480 ; 2 Am. L. Reg. (N. s.) 727.    Where inadequacy of price connects itself with any other cause of complaint, or unfairness, it is sufficient to warrant a rescission. — *Michoud* v. *Girod*, 4 How. 555 ; 1 Ld. Cas. Eq. 239, 241 ; *Roberts* v. *Butler*, 24 Ill. 387.

BAKEWELL, J., delivered the opinion of the court.

Meyer, who is the assignee of Heinicke, under a voluntary assignment for the benefit of creditors, made under the laws of this State, filed his bill in equity to set aside a sale under a deed of trust.    The bill alleges that Heinicke and his wife conveyed to Fritsch, in trust, to secure an indebtedness

to the Jefferson Insurance Company, a lot on Main Street, near Chestnut Street, in St. Louis, having a front of twenty-two feet, on which was erected a four-story stone-front building, owned by Heinicke; the principal note was dated July 3, 1874, payable five years after date, and there were interest-notes maturing at intervals of six months; that Heinicke became insolvent, and assigned to Meyer, in February, 1876, his equity of redemption, with other assets; that the property was sold under the deed, on Aug. 25, 1876, the principal note having matured by reason of non-payment of the interest-note due July 3, 1876; that this sale was made by request of the Jefferson Insurance Company, the holder of the notes; and that, no other bid being made, the property was sold to the insurance company for the sum of $3,000; that it was then worth $20,000; that the trustee, Fritsch, was the secretary of the insurance company, and knew that the latter had resolved to bid $15,000 at the sale; and that, upon an understanding and agreement that the company should be allowed to bid in as low as possible, he improperly allowed the property to go at a grossly inadequate sum, instead of adjourning the sale; that the trustee credited the bid of the insurance company upon the notes; and that, to gain an undue advantage over the other creditors of Heinicke, the insurance company presented its demand against Heinicke's estate for $23,574.90, the balance appearing due on the notes, and is pressing this claim for allowance. The prayer is that the sale be set aside, and the company enjoined from prosecuting its demand until the termination of the suit. The answer denies all the equities of the bill, and says that defendants are ready to convey the property to plaintiff on being paid the debt which it was given to secure, and says that no offer to redeem has ever been made.

On the hearing, the court ordered that the sale be set aside on plaintiff giving bond for $10,000 to secure defendants against costs and damages, in the event of a second sale

bringing no more than the first. The bond was given and approved, and defendants appeal.

The evidence shows that every legal formality prescribed by the deed was complied with by the trustee ; that Meyer had special notice of the deed, and was requested to pay the interest-note, which he declined to do ; that the insurance company did not want the property, and urged the assignee and Heinicke to find a purchaser ; that the trustee and the insurance company determined to call public attention to the sale by special additional advertisement, and would have done so but that this was done by the assignee and the creditors. Fritsch, the trustee, was secretary, treasurer, and general manager of the Jefferson Insurance Company, in which he also held stock. All this was known to Meyer when he was selected as trustee. On the day before the sale, at a meeting of the finance committee of the insurance company, at which Fritsch acted as secretary, it was resolved to bid as high as $15,000 at the sale. Meyer, with the knowledge and approbation of the creditors of Heinicke, had employed a firm of real-estate agents to find, if possible, a buyer for the property ; and the trustee himself had made efforts in that direction. But no one interested for Meyer or the creditors was present at the sale. No bid whatever was made except that on behalf of the insurance company, and the trustee struck the property off to the company at $3,000. Against the objection of defendants, plaintiff was allowed to show that Heinicke paid $30,000 in 1870 for the ground, and erected the building in 1872 at a cost of $21,200. The actual value of the property at the date of sale was shown to be from $13,000 to $20,000. It was assessed, in 1876, at $18,450. The attorney of the creditors said he would have bid $15,000 if present at the sale, and after the sale he offered $15,000 cash for the property if the insurance company would credit its note with that amount. This offer was refused. The property greatly depreciated in value between the date of the deed of trust

.and the day of sale, and was still declining at the time of the trial.

This case was ably argued by counsel for either side, and we have been aided in its consideration by very able and carefully prepared briefs, with full references to decisions in our own State bearing upon the principles involved, and also to important decisions upon the points in controversy, from other tribunals.

We are of opinion that the judgment of the Circuit Court must be affirmed.

1. The trustee, we think, abused his discretion in not adjourning the sale. He had the power to do so (*Baldridge* v. *Walton*, 1 Mo. 520 ; *Johnson* v. *Eason*, 3 Ired. Eq. 336) ; and, that being so, there can hardly be a question as to his duty. He knew that the creditor stood ready to give $15,000 for this property rather than let it slip from its hands. Having this knowledge, he should not have permitted this fearful sacrifice without an effort to protect the debtor. He certainly would not have done so in a matter affecting his own individual interests ; and, in the matter of this sale, he was bound to consider the debtor's interests as his own. *Judge* v. *Booge*, 47 Mo. 550 ; *Vail* v. *Jacobs*, 62 Mo. 131 ; *Stoffel* v. *Schroeder*, 62 Mo. 147 ; 18 How. 147. Where there are no bidders whatever, there can be no sale ; and where, in a sale under a deed of trust, the only bidder is the creditor, represented by the trustee, and property is sold for one-fifth of its cash value, there can hardly be a sale which a court of equity will not set aside on proper application. A court of chancery has the same jurisdiction to set aside a sale under deed of trust, where the creditor purchases, that it has over judicial sales made under its own decree. *Stine* v. *Wilkson*, 10 Mo. 93 ; 38 Mo. 469.

It is, however, insisted that plaintiff's equity of redemption has not been injured, and that, as he acquired nothing but the equity of redemption, he has no standing in court.

The property is confessedly not worth the amount due upon it under the deed of trust. The sale, however, must be set aside, not on the ground of inadequacy of consideration, for that alone might not warrant any interference, but because the trustee did not do his duty as the law requires. If Heinicke had made no assignment, he would have an undoubted right to complain of the improper action of the trustee, whether he was prepared to pay the amount of the debt or not; and the assignee is in no worse condition than Heinicke. He is, in fact, merely a trustee to protect the rights of Heinicke and his creditors; and Heinicke, and his creditors also, have a direct interest in seeing that this property brings as much as possible at the foreclosure of the deed of trust. If there had been two bidders, and the trustee had sold the property to the lowest and worst, instead of the highest and best, it would have been no answer to the plaintiff, had he commenced proceedings to set aside the sale, that the equity of redemption was worthless, and that he had, therefore, no interest in the matter. It rarely happens, indeed, that an application to set aside a sale under a deed of trust is made, unless it is accompanied with an offer to redeem; this is the case because, only in exceptional cases, probably, does one not in a position to redeem regard himself as having any interest worth protecting in the disposition of the property. But where a sale is, in fact, fraudulent in law, and therefore void, equity will not refuse relief because the debtor cannot fulfil an impossible condition. In *Harper* v. *Mansfield*, 58 Mo. 17, a resale was ordered, and there was no offer to redeem. If the position of appellants, that the creditor who purchases at a sale foreclosing a mortgage will hold the property as trustee for the debtor until the debt, interest, and cost be tendered, is correct, then, in case of a fraudulent sale, by collusion between the creditor and the trustee, though *bona fide* bidders were restrained from bidding by false representations, and valuable property sacrificed, a debtor without means would be en-

tirely without redress. The mortgage-debtor has no right to compel his creditor to take the mortgaged property at its actual value on account of the debt, but he has a right to insist that the power of sale shall be exercised in strict accordance with law, and that there shall be no abuse of the trust; and of this right he cannot be deprived from the mere fact that he is unable to redeem. Equity can grant no relief against the sacrifice of the property, where the trustee has done his full duty, on the mere ground that a fair price is not obtained; but where it is alleged and proved that there has been an abuse of the trust, the debtor has a right to relief wholly irrespective of his power to pay the debt.

But, in the present case, to use the language of the chancellor in *Outwater* v. *Berry*, 6 N. J. Eq. 76, "the application to set aside the sale is very different from the ordinary application to open biddings. There was nothing urging the trustee, or justifying him in selling at such a sacrifice, in the face of such an offer." As stockholder and managing officer of the mortgage-creditor, the trustee was himself a party directly interested; and if he hesitated as to whether, in the absence of bidders, he should adjourn the sale, it is not possible to say that his direct interest in the matter may not have turned the scale. The sale should be set aside on the ground of the abuse of his discretion by the trustee. It is true that it has been held, in case of a mortgage with power of sale, even where the power was most grossly abused and the property bought in by the mortgagee, that a bill to set aside the sale, and for resale of the property, will not lie; and that the only remedy is a bill to redeem, offering to pay the amount admitted to be due, and that the complainant's poverty will not help him. *Tuthill* v. *Lupton*, 1 Edw. Ch. 564; *Schwartz* v. *Sears*, Walk. Ch. 170. But the authority of these cases is doubted; and, as is said by the learned author of an essay on "Sales and Titles under Deeds of Trust," 2 Am. L. Reg. (N. S.) 731,

the books abound in cases where the sales have been set aside. We do not think the fact that there was no offer to redeem fatal to the plaintiff's case.

The judgment of the Circuit Court is affirmed. All the judges concur.