MARTIN V. B. BRIGGS vs. WILLIAM H. HALL et al.

A mortgagor after a sale under the powers contained in his mortgage, at which sale the mortgagees were the purchasers, filed a bill in equity to set aside the sale on the ground of frauds in the advertisement and sale. The bill contained no offer to redeem the mortgage. On demurrer to the bill:
*Held*, that the demurrer should be overruled.
*Query*, whether the mortgagees could file a cross bill to foreclose.

BILL IN EQUITY to set aside conveyances of realty. On demurrer to the bill.

*July* 23, 1889. PER CURIAM. The defendants in this suit are William H. Hall, George C. Calef, and William F. Macomber. The bill alleges that on July 27, 1882, Calef sold and conveyed to the complainant certain real estate described in the bill; that the same day the complainant mortgaged said real estate with power of sale to Calef and to Hall to secure the payment of his note for $2,400; that subsequently Hall assigned his interest to Calef, and Calef reassigned the same to Hall; that afterward Calef and Hall advertised the estate for sale under the power, and on September 2, 1887, had the same put up at public auction and struck off to Macomber; and that the same was conveyed to Macomber on the same day, and by said Macomber conveyed to Calef and Hall. The bill alleges fraud in advertising and in the sale, and prays that the deed from Hall and Calef to Macomber, and the deed from Macomber to Hall and Calef, may be decreed to be void and of no effect, and for general relief. The defendants have demurred to the bill, and for cause of demurrer show that the complainant does not in and by his bill offer to redeem the mortgage therein mentioned.

There are cases which hold that, where a person having an interest in an equity of redemption wishes to test the validity of a sale under a power in a mortgage, his remedy is by bill to redeem, not by bill to set aside the sale; and that this is the remedy even though it be shown that the mortgagee has used the power inequitably, and unfairly bought the property himself. *Schwarz* v. *Sears*, Walker Ch. Mich. 170; *Tuthill* v. *Lupton*, 1 Edwards Ch. N. Y. 564; but in *Meyer* v. *Jefferson Insur. Co.* 5 Mo. App. 245, these cases were disapproved, and in that case a bill praying to

have a mortgage sale under a power set aside was sustained at the suit of the mortgagor's assignee for the benefit of creditors, though the bill contained no offer to redeem. The court in giving its opinion uses the following language : " The mortgage debtor has no right to compel his creditor to take the mortgaged property at its actual value on account of the debt, but he has the right to insist that the power of sale shall be exercised in strict accordance with law, and that there shall be no abuse of the trust ; and of this right he cannot be deprived from the mere fact that he is unable to redeem. Equity can grant no relief against the sacrifice of the property, where the trustee has done his full duty, on the mere ground that a fair price is not obtained ; but where it is alleged and proved that there has been an abuse of the trust, the debtor has a right to relief wholly irrespective of his power to pay the debt."

It seems to us that this latter case rests upon the better reasons. The owner of the equity is entitled to have the mortgagee, if he undertakes to exercise the power, exercise it honestly and in good faith, so that he may have the benefit of the best price that can be so secured, and therefore is entitled, if the power be abused, to have the sale set aside, at least where, as in this case, the mortgagees who make the sale are themselves the purchasers, and where, upon setting aside the deeds, they will be remitted to their former legal title as mortgagees. It is true that it is in the power of the mortgagee, in case the sale is so set aside, to bring his bill to foreclose, and so require the owner of the equity either to redeem or to lose his estate ; and perhaps he may require this by way of cross bill in his answer. It does not follow, however, that he will do so, and, even if he does, the setting aside of the sale will disembarrass the title, and, it may be, put the owner of the equity in a position to raise the money to redeem, when otherwise he might not be able to do it. It is also to be considered, that in case of fraud, the sooner the bill is brought to redress the fraud, the safer it is for the owner of the equity, and the surer is the remedy, the proof being easier when the matter is fresh.

*Demurrer overruled.*

*Stephen A. Cooke, Jun., & Robert W. Burbank,* for complainant.