Axman v. Smith.

AXMAN et al., Appellants, v. SMITH et al.

Division One, May 15, 1900.

1. **Deed of Trust:** DUTY OF TRUSTEE. The trustee in a deed of trust is not the mere agent of the beneficiary, but is the trusted agent of both debtor and creditor, and in conducting a sale under the trust deed he should use all reasonable efforts and methods to make the property bring as much as possible.

2. ————: SUIT TO SET ASIDE SALE: PETITION. In a suit by the owner of the equity of redemption to have a sale under a deed of trust set aside, where the petition alleged that the property was encumbered to an extent greatly in excess of its value, that plaintiff was insolvent and therefore unable to redeem, and that by reason of the trustee's misconduct in conducting the sale the property brought much less than its value; *held,* that said petition was sufficient, and that the chancellor erred in sustaining defendant's objection to the introduction of evidence in support of its allegations.

3. ————: ————: OFFER TO REDEEM. A debtor seeking to set aside a mortgage sale, must, as a general rule, offer to redeem; but such offer is not required as a condition to an order of resale in cases of exceptional hardship, where the debtor is insolvent and therefore unable to redeem.

Appeal from Jackson Circuit Court.—*Hon. C. L. Dobson,* Judge.

REVERSED AND REMANDED.

*Leon Block* for appellants.

(1) The trustee should have divided the property as requested by intending purchasers, and not having done so, the sale will be set aside. "The rule is firmly established that a trustee in selling land is trustee for both parties and is bound to adopt all reasonable modes of proceeding in order to render the sale most beneficial to the debtor. Where property is susceptible of division, and it will bring more by sale in

separate parcels or lots, or where sale of a part will bring an amount sufficient to pay off the secured debt, he is bound to sell accordingly. If not, the sale will be held invalid on application of the party aggrieved." Tatum v. Holliday, 59 Mo. 428; Chesley v. Chesley, 49 Mo. 540. (2) Nor will such relief be denied to the party aggrieved if the peculiar circumstances prevent his being able to redeem. In such a case a re-sale will be ordered without an offer upon the part of plaintiff to redeem. Meyer v. Ins. Co., 5 Mo. App. 245; Harper v. Mansfield, 58 Mo. 21; Briggs v. Hall, 16 R. I. 577; Fowler v. Taylor, 19 D. C. 456; Grapengether v. Fejervary, 9 Ia. 163; Boyd v. Ellis, 11 Ia. 98; White v. Watts, 18 Ia. 74; Bradford v. Lunpus, 13 Ia. 424; Lay v. Gibbons, 14 Ia. 377; Trip v. Cook, 26 Wendell 143; Denning v. Smith, 3 Johns. Ch. 331. In all the foregoing cases, a re-sale was ordered without an offer to redeem. Redemption would do away with the necessity of a re-sale, hence ordering a re-sale in itself negatives the theory that the mortgagor must redeem or offer to redeem. Where the mortgagee is the purchaser, the court will regard an application for a re-sale with more indulgence than when a stranger is the purchaser. Campbell v. Gardner, 11 N. J. Eq. 423.

*R. J. Ingraham* for respondents.

(1) The court held that the only right to which plaintiffs were entitled was to redeem, and as they did not ask that, and would not accept it when it was offered them, they stated and had no cause of action. There was no error in this rule. Lipscomb v. Ins. Co., 138 Mo. 17. The holder of the second deed of trust (for $10,000) and the holders of the judgment against appellants (aggregating over $25,000) do not seem to be aggrieved by the sale. They have not joined in this suit. From the face of the bill it thus appears that the real parties in interest are not in the case and do not complain.

(2) Giving the bill its most favorable construction, it presents a case of: (a) Sale at an alleged inadequate price. (b) Refusal of the trustee to cut the property into parcels, different from the way it was platted and conveyed. (c) Alleged agency of the trustee in the transaction of other business of the respondents. These matters (especially in view of respondents' plain and positive offer to permit appellants to redeem upon most favorable terms) certainly do not warrant the interference of a court of equity upon such terms as appellants sought it. Hardwick v. Hamilton, 121 Mo. 465; Harlin v. Nation, 126 Mo. 97; Snyder v. Railroad, 131 Mo. 568.

VALLIANT, J.—This is a suit in equity to set aside a trustee's sale on the ground that it was conducted unfairly and with partiality by him, and resulted in a sacrifice of the property.

The petition is in proper form, a brief summary of which is to the effect that plaintiffs were the owners of the real estate in question, and they conveyed it by deed to defendant Platt in trust, to secure a debt of $5,000 to defendant Smith with power of sale; that afterwards they borrowed $10,000 from the National Bank of Kansas City, and gave a second deed of trust on the same property, to secure it, and afterwards the same property was attached for a debt of $1,067, owing by plaintiff, and after that judgments to the amount of $25,000 were rendered against the plaintiffs, and they became and continued to be entirely insolvent, so that when the interest of $200 on the first mortgage became due, they were unable to pay it, and owing to their condition and the encumbered condition of the property, they were unable to borrow any money on it, and defendant Platt as trustee under the first deed of trust advertised the property for sale, and it was sold in a body to the defendant Smith, who was the holder of the note, for $4,500, when it was worth and would have brought at the sale, but for the misconduct of the trustee, $10,000.

The misconduct charged is that Platt, the trustee, who was the business agent of defendant Smith, in handling his real estate in Kansas City, which is quite extensive, for the purpose of enabling his client to buy in the property as cheaply as possible, offered it in the most unattractive form for sale. The property lies in a body at the corner of 15th street and Brooklyn avenue, having a frontage of 128 feet on 15th street, and 90 feet on Brooklyn avenue. Fifteenth street is a business thoroughfare 100 feet wide and one of the principal streets in the city, while Brooklyn avenue is a residence street and in that part is occupied by residences of very poor quality. The property was susceptible of being divided into lots fronting 15th street, and if so would have brought $80 a front foot. But instead of doing so the trustee for the purpose above mentioned offered it in lots fronting Brooklyn avenue, first offering lot one, then lot two, then the whole, when the business partner of the trustee, who was present representing defendant Smith, bid $4,500 for it and it was struck off to him for Smith, to whom the trustee made a deed, which was at once recorded. During the sale a would-be purchaser who was present offered the trustee $2,500 for 25 feet front to the corner fronting 15th street, but the trustee refused to entertain the bid, and would not offer the corner for sale otherwise than with the whole. When plaintiffs bought the property, they bought it per front foot on 15th street, and that was its recognized front.

The answer was a general denial, and at the time of the filing of the answer defendants filed a paper in which they offered to allow the plaintiffs to redeem the property on payment of the mortgage debt. On the same day the case came on for trial, and defendants objected to the admission of any evidence in support of the petition, on the ground that it did not state facts sufficient to constitute a cause of action, which objection the court sustained; then the court rendered judg-

ment for defendant, from which the plaintiffs after due course, have appealed.

The only question presented by the record is, were the defendants entitled to a judgment on the facts stated in the petition? For the purposes of this question the defendants must be considered as confessing the truth of the statements of the petition. That is, they confess that the trustee for the purpose of enabling his client, the holder of the note secured by the deed of trust, to buy the land as cheaply as possible, so divided it and offered it for sale as to present it in its most unsalable form, and by that means did sell it in the whole to his client for less than half its value and half what it would have brought if he had acted fairly and in a faithful discharge of his duty as trustee.

If the trustee acted in that manner, he certainly behaved in flagrant violation of his duty and his act should not be suffered to stand. A trustee is not the mere agent or attorney for the holder of the note, but he is the trusted agent of both debtor and creditor. [Jones on Mort. (5 Ed.), sec. 1771.] In the sale of property. under a deed like the one in question, he should use all reasonable effort and methods to make it bring as much as possible, and he should be fair and impartial as between debtor and creditor. [Chesley v. Chesley, 49 Mo. 540; Tatum v. Holliday, 59 Mo. 422; Dunn v. McCoy, 150 Mo. 548, 1. c. 567; Jones on Mort. (5 Ed.), sec. 1859.]

The ruling of the circuit court was based upon the fact that there was no offer in the petition to redeem. As a general rule, a mortgagor seeking to set aside a foreclosure sale should offer in his bill to pay off the debt. This is on the principle on which is founded the maxim, "He who seeks equity must do equity." But whilst that maxim is never to be violated, yet it is not so encased in cast iron rules as to render it the means of injustice in its application. When a suitor comes into a court of equity for redress of his wrongs, the court will grant him relief upon such terms as the right

Axman v. Smith.

and justice of his cause demands, and will require him to do equity before giving him what he seeks. But the court will not make an unreasonable requirement of him, and will adjust the matter according to the circumstances of the case. That is what the maxim means. [Pomeroy, Eq. Jur. (2 Ed.), sec. 385 and note 1.] And it is only in that sense that the end attained is equity.

The general rule above referred to requiring the mortgagor to offer to redeem as a condition to granting him relief, was applied, and properly so, in Lipscomb v. Ins. Co., 138 Mo. 17. In that case the plaintiff sought to vacate the sale on the ground that the trustee was the attorney for the mortgage creditor, and the property had sold for less than its value. But the deed of trust there expressly stipulated that the trustee might execute the trust notwithstanding he was such attorney. It appears there that the sale took place during a period of great monetary stringency, that while the property had previous to that period been worth considerably more, yet at the sale it brought as much as it was then worth, and the sale conducted "in strict compliance with the terms of the deed of trust, and there was no evidence of harshness, oppression or unfair dealing in the whole transaction." It was of the facts in that case that the court, per BRACE, J., said: "However strongly our sympathies may be, enlisted for the unfortunate victim of hard times, they can not furnish a basis for equity jurisdiction, and such courts can not and ought not to be made the instruments of speculation in future values of property even for the benefit of the unfortunate. To gain the ear of a court of equity the plaintiff ought to have manifested a willingness to do equity, by offering to redeem, but this they are not willing to do; they simply want the court to try the hazard of the market again." Under the circumstances of that case equity demanded that the plaintiff should be required to redeem. But equity does not always demand the same measure.

The equitable doctrine on this subject is well expressed in a very able opinion by Bakewell, J., for the St. Louis Court of Appeals, in Meyer v. Ins. Co., 5 Mo. App. loc. cit. 251, from which we quote: "It rarely happens, indeed, that an application to set aside a sale under a deed of trust is made, unless it is accompanied with an offer to redeem; this is the case, because, only in exceptional cases, probably, does one not in a position to redeem regard himself as having any interest worth protecting in the disposition of the property. But where a sale is, in fact, fraudulent in law, and therefore void, equity will not refuse relief because the debtor can not fulfill an impossible condition. In Harper v. Mansfield, 58 Mo. 17, a re-sale was ordered, and there was no offer to redeem. . . . . . Equity can grant no relief against the sacrifice of the property, where the trustee has done his full duty, on the mere ground that a fair price is not obtained; but where it is alleged and proved that there has been an abuse of the trust, the debtor has a right to relief wholly irrespective of his power to pay the debt. . . . . . . It is true that it has been held, in case of a mortgage with power of sale, even where the power was most grossly abused and the property bought in by the mortgagee, that a bill to set aside the sale, and for a re-sale of the property, will not lie; and that the only remedy is a bill to redeem, offering to pay the amount admitted to be due, and that the complainant's poverty will not help him. [Tuthill v. Lupton, 1 Edw. Ch. 564; Schwartz v. Sears, Walk. Ch., 170.] But the authority of these cases is doubted; and as is said by the learned author of an essay on 'Sales and Titles under deeds of Trust,' 2 Am. L. Rep. (N. S.), 731, the books abound in cases where the sales have been set aside." That opinion was cited, quoted from at length, and commended by the Supreme Court of Rhode Island in Briggs v. Hall, 16 R. I. 577. And in the following cases cited by counsel for appellant in his brief, re-sales were ordered when in fact there was no offer to

redeem, although there is no discussion of that point in the opinions: Fowler v. Taylor, 19 D. C. 456; Grapengether v. Fejervary, 9 Iowa, 163; Boyd v. Ellis, 11 Iowa, 97; Bradford v. Limpus, 13 Iowa, 424; Lay v. Gibbons, 14 Iowa, 377; Tripp v. Cook, 26 Wend. 143; Denning v. Smith, 3 Johns. Ch. 332.

The chief practical difference between a deed of trust with power of sale, and a plain mortgage is that the deed of trust may be foreclosed according to its terms by the trustee without the authority of court, whereas a simple mortgage can be foreclosed only under a decree of court. When a fore-closure sale is had under a decree of court, the defendant may present exceptions to the confirmation of the sale, and if they are valid, the court will set it aside and order a re-sale. Would a court of equity listen for a moment to the suggestion that the defendant should not be allowed to file his exceptions until he offers to redeem? There is no reason in principle why the court should suffer an unfair sale made by a trustee not in conformity to the terms of the deed to stand, when it would for like reason set aside a sale made under its own decree, and there is no reason in principle why harsher terms should be imposed on one debtor than the other. We recognize this difference in the situations of the two, namely, the one is a defendant and the other is a plaintiff, the one is brought into court against his will, and the other comes in voluntarily and asks protection, and so must submit to terms, but otherwise their situations are the same, and both equally entitled to the protection of the court.

The usual purpose for which courts of equity are asked to set aside foreclosure sales is to enable the mortgagor to redeem, and perhaps it is not going too far to say that the court will not entertain a bill to set aside such a sale however irregular or fraudulent it may be, at the suit of the mortgagor, unless that is his purpose, or unless in addition to the wrong he has suffered, and which appeals to good conscience

for relief, he shows also that it is impossible for him to redeem. Equity never does a vain thing, therefore when a bill is filed to redeem, the willingness and ability of the plaintiff to do so should be made to appear. But why require an offer to redeem as a condition precedent to a decree for re-sale? Will the court decree a re-sale when the plaintiff offers to redeem? If the offer to redeem is in good faith, there is no necessity for re-sale, and if it is not in good faith it adds nothing to the plaintiff's cause. Unless we are prepared to say that an insolvent debtor has no right to the aid of a court of equity to secure a fair and impartial sale of his property at the hands of his trustee we can not say that an offer to redeem is in every such case indispensable.

If in a case where the plaintiff is unable to redeem, he can have no standing in a court of equity, then, in such case, the trustee may boldly violate his duty, perpetrate a fraud and when called to account take cover under the maxim, "He who seeks equity must do equity." That maxim was never intended to furnish protection to wrong and fraud.

The petition in this case shows that the property is encumbered with a second deed of trust, an attachment, and judgments aggregating an amount greatly beyond its value and that the plaintiffs are insolvent and therefore unable to redeem. But those facts do not absolve the trustee from his duty, nor destroy the plaintiffs' rights to have the property sold to the best advantage according to the terms of the deed of trust, to the end that it will go as far as may be towards the payment of their debts. That is a right they have for their own interest and a duty they owe to their creditors. We do not say that they are entitled to the relief prayed, regardless of the equitable maxim above quoted, but we do say that the terms imposed upon them should be only such as the chancellor, after hearing all the evidence and considering the circumstances, finds to be reasonable. He should adjust the

conflicting interests between creditor and debtor, under the conditions peculiar to the case, *ex aequo et bono.*

The court erred in sustaining the objection to the admission of evidence in support of the petition, and for that reason the judgment is reversed and the cause remanded to be tried according to the law as herein expressed. All concur.