Doris K. ROSE, Respondent,

v.

Ben ROSE, Ace Sod and Trees, Inc., and Rose Building and Construction Company, Inc., Appellants.

No. 24342.

Kansas City Court of Appeals.

Missouri.

Feb. 7, 1966.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 4, 1966.

Robert G. Duncan, Pierce, Duncan, Beitling & Shute, Kansas City, for appellants.

Wilbur L. Pollard, North Kansas City, Williams, Norton & Pollard, North Kansas City, of counsel, for respondent.

HOWARD, Judge.

This is an appeal by the defendants below from the action of the trial court in overruling a motion to set aside default judgment theretofore entered against defendants. Such judgment was for an amount within our jurisdiction.

On December 19, 1963, plaintiff filed her first amended petition in two counts seeking recovery of a balance due on a contract to sell real estate in count one and seeking to recover on a guarantee of such contract in count two. Defendants were Ben Rose, an individual, Rose Building and Construction Company, Inc., a corporation, and Ace Sod and Trees, Inc., a corporation. Each defendant filed separate answer on January 21, 1964. Thereafter on February 26, 1965, the then attorney for the defendants filed his formal withdrawal with the court. Thereafter on March 9, 1965, plaintiff announced ready for trial and the cause was set for March 15, 1965. On March 15, 1965, plaintiff appeared but defendants failed to appear and the cause was continued to April 5, 1965. Plaintiff appeared but again defendants failed to appear on April 5, 1965, and the cause was continued to April 8, 1965. On this last mentioned date plaintiff appeared, but defendants again failed to appear, and after plaintiff adduced evidence as to the amount of damage, the court entered judgment by default against the defendants in the amount of $2,373.48. The present attorney for defendants entered his appearance of record in this case on April 26, 1965. Defendants allege (it does not appear of record) that execution on such default judgment was issued and thereafter served on May 4, 1965.

On May 5, 1965, defendants filed their motion to set aside the default judgment. This motion was superseded by an amended motion to set aside judgment and motion to quash execution filed May 6, 1965. The

first motion was verified, by the individual defendant Ben Rose, but the amended motion upon which the trial court acted was not verified. This motion set out some of the above procedural history of this case (with some discrepancy in dates); alleged the withdrawal of the previous attorney for the defendants, and that none of the defendants had notice of the trial setting for April 5, 1965, or of the setting and entry of default judgment on April 8, 1965. The motion alleges that the new attorney entered his appearance on April 23, 1965 (the record shows April 26, 1965), and alleges that such attorney had no notice of the judgment (which had theretofore been entered). The motion then states that the new attorney inquired of the clerk as to the date of the trial setting on this case, and was advised that a case styled "Rose vs. Ace Sod and Trees, Inc." was set for trial on May 10, 1965; the attorney did not know that there were two distinct cases. The date of this inquiry is not specifically alleged in the motion, but it would appear to the writer that it occurred subsequent to the entry of the judgment on April 8, 1965. The motion then recites the issuance and service of execution and concludes with the following two paragraphs:

"9. That said judgment was secured through concealment, inadvertence and excusable neglect.

"10. That defendants have a meritorious defense to plaintiff's cause of action."

■ Our courts have repeatedly held that a motion to set aside a default judgment appeals to the discretion of the trial court; that this is a judicial discretion that can not be exercised in an arbitrary manner. Before a defendant is entitled to relief on appeal it must so clearly appear that the defendant had a good and sufficient reason for his default and that he has a meritorious defense to plaintiff's cause of action, that the appellate court can conclude that the trial court abused its discre-

tion and acted in an arbitrary manner in refusing to set aside the default judgment. None of these things appear from the motion in the case at bar. It does not appear that the previous attorney failed to notify defendants when he withdrew, as was true in Lewis v. VanHooser, 206 Mo.App. 618, 227 S.W. 618. Since it appears that the previous attorney withdrew not later than February 26, 1965, when such formal withdrawal was filed with the court, defendants clearly had adequate and reasonable time to secure new representation before the default judgment was entered April 8, 1965. Any inquiry made by the new attorney as to the date the case was set for trial and any confusion caused by the two similarly styled cases, could not excuse the ·defendants' default, because it appears that such inquiry was made subsequent to the entry of the default judgment (at least it does not affirmatively appear that the inquiry was prior to the default judgment).

■■ As to the question of meritorious defense, none is set out in the motion. The motion merely pleads the conclusion "that defendants have a meritorious defense to plaintiff's cause.of action". This is not sufficient. It is necessary that facts showing such meritorious defense must be pleaded in the motion. As shown by Huffman v. Meriwether, Mo.App., 201 S.W.2d 469, the motion to set aside the default judgment must allege facts showing a defense which, if established, would be a valid defense to the merits of the cause pleaded in plaintiff's petition. The conclusion pleaded in the motion filed in the case at bar completely fails to meet this requirement.

■ Furthermore, as heretofore noted the motion herein was not verified. No affidavits were served in connection therewith and the motion was submitted on argument of counsel, without the taking of any evidence. As pointed out in Gorzel v. Orlamander, Mo., 352 S.W.2d 675, such motions do not prove themselves; they must either be verified or be accompanied by affidavit, or be submitted together with

evidence showing *facts* demonstrating the existence of a meritorious defense. This defendants have failed to do.

From the foregoing it is apparent that the defendants have failed to demonstrate that the trial court acted in an arbitrary manner, or abused its discretion, when it overruled defendants' motion to set aside the default judgment. Defendants entirely failed to carry their burden and the trial court very properly found that there was no excuse for defendants' default, and that no meritorious defense to plaintiff's claim was shown.

In their brief defendants' first point under points relied on is "The Respondent Was Not Entitled to a Judgment Under Her Own Evidence". This point is wholly inadequate and fails to comply with the requirements of Civil Rule 83.05(e), V.A.M.R. Furthermore, the argument under this point appears to be a contention that the plaintiff can not have judgment because it was not affirmatively pleaded or proved that the contracts relied upon were in writing as required by the statute of frauds, and, further, that plaintiff's cause of action sought to hold the individual defendant liable for the action of the corporation for which he acted. These matters were not mentioned in the motion to set aside the default judgment and are not before us for consideration. Further, this is an attempt to present issues which might properly be considered on an appeal from a judgment on the merits but which are not before us at present. We have, however, considered these contentions and find them to be without merit. The petition did not state whether or not the sales contract and guarantee were in writing. Under such circumstances they are presumed to be written, but such presumption is not conclusive and may be rebutted. See the many cases in 7A Missouri Digest, Contracts, ☞333(2).

Point Two of defendants' brief claims that the court erred in entering judgment against Ben Rose and the Rose Building and Construction Company, Inc., because no judgment against them was properly prayed for in plaintiff's petition. Again this matter was not mentioned in defendants' motion in the trial court and is not before us for consideration. Further, even a cursory reading of the pleading reveals this contention to be without merit.

Point three of defendants' brief contends that "The Trial Court Abused Its Discretion in Refusing to Set Aside the Judgment". Again this point fails to comply with the requirement of Civil Rule 83.05 (e), but we have heretofore considered the arguments contained under this point and have ruled them against the defendants as indicated above.

The judgment of the trial court is therefore affirmed.

All concur.