Guadalupe **HERNANDEZ** and Wilma Hernandez, his wife, Plaintiffs-Respondents,

v.

**WESTOAK REALTY AND INVESTMENT, INC.**, and Custom Builders Corporation, Defendants-Appellants.

No. 37497.

Missouri Court of Appeals, St. Louis District, Division Three.

April 5, 1977.

Deeba, DeStefano, Sauter & Herd, James J. Sauter, St. Louis, for defendants-appellants.

Roberts & Roberts, Clinton B. Roberts, Geoffrey L. Pratte, Farmington, for plaintiffs-respondents.

GUNN, Judge.

A default judgment was rendered by the trial court against defendants-appellants Westoak Realty Co., Inc. (Westoak) and Custom Builders Corporation (Custom Builders). Westoak and Custom Builders filed motions with the trial court to set aside the judgments, and the trial court overruled the motions without hearing. Appeal has been taken from the trial court's order overruling the motions, and we remand for hearing on the motions.

The sequence of events leading to this appeal commenced on June 24, 1972 with plaintiffs-respondents entering into a contract with Custom Builders for the construction of a shell house to be built in Ste. Genevieve County. In conjunction with the construction contract, plaintiffs executed a promissory note to Westoak, secured by a deed of trust on the real estate upon which the shell house was to be constructed. James Sauter was designated as trustee on the deed of trust. Mr. Sauter was also attorney for Westoak and Custom Builders and was an officer and director of each. In January, 1975 Westoak instituted foreclosure proceedings against the real estate with the foreclosure sale set for February 10, 1975. To prevent the foreclosure sale and for other relief, plaintiffs instituted a two count action in the Ste. Genevieve County Circuit Court. Count I of the petition sought to enjoin James Sauter and Westoak from proceeding with the sale; Count II sought monetary damages against Custom Builders for alleged construction defects in the house. On February 24, 1975 Westoak, Custom Builders and Sauter, as trustee, filed separate motions to dismiss plaintiffs' petition. The motions to dismiss were overruled on April 1, 1975. Subsequently, on May 28, 1975 plaintiffs filed their first amended petition in four counts. In Count I plaintiffs alleged that the foreclosure sale had occurred; that due to his relationship with Westoak, James Sauter failed to possess the impartiality required of a trustee; that the price paid for the land by Westoak as sole bidder at the foreclosure sale was so inadequate as to be unconscionable.[1] Plaintiffs under Count I of the amended petition prayed that the foreclosure sale be rescinded, set aside and the trustee's deed be cancelled. Count II of plaintiffs' amended petition sought $5,000 damages from Sauter and Westoak by reason of the unconscionable sale. Count III restated the allegations of Count II of the original petition for damages against Custom Builders for defective construction work. Count IV of the amended petition stated an alternative theory of recovery against Custom Builders seeking $30,000 damages for breach of implied warranty of fitness by reason of the faulty house construction. Thus, except for Count III of the amended petition—Count III having a restatement of Count II of the original petition—plaintiffs' amended petition stated a different cause of action from that set forth in the original petition.

On June 10, 1975 the case was set for trial as a jury waived case to be heard on September 23, 1975. On June 25, 1975 defendant Sauter, for himself only, filed a separate motion to dismiss plaintiffs' amended petition as to him. Neither Westoak nor Custom Builders filed motions or responsive pleadings of any kind to plaintiffs' amended petition.

---

1. The land, having an estimated value of $6,000, was sold at foreclosure for $500.

On September 19, 1975, Mr. Sauter received a telephone call from the clerk of the trial court reminding him that the case was set for trial on September 23. On the same day that he received the clerk's call, Mr. Sauter sent a memo to the trial court seeking to withdraw as counsel for defendants Westoak and Custom Builders. The cover letter with the memo indicated that Mr. Sauter intended to seek plaintiffs' counsel's consent to a continuance of the case from September 23.[2] Mr. Sauter also sent a letter to plaintiffs' attorney advising him that he had withdrawn as counsel for Westoak and Custom Builders and was seeking a continuance from the September 23 trial date, but the record does not indicate that plaintiffs' counsel took any affirmative action regarding Mr. Sauter's letter. On either September 19 or 20, Mr. Sauter received a copy of the trial court's docket sheet indicating that the case had been placed on the call docket for October 7, 1975, the court's law day. The docket sheet shows that plaintiffs and James Sauter, as a named defendant, were represented by counsel, but no counsel of record was listed for either Westoak or Custom Builders.

The trial court called the case for trial on September 23, 1975, as originally scheduled. No one appeared on behalf of Westoak or Custom Builders, nor did Mr. Sauter appear. After hearing evidence presented by plaintiffs, the trial court entered judgment against Westoak on Count I of the amended petition, thus setting aside the foreclosure sale. Judgment was also entered against Custom Builders on Count IV of the amended petition—$29,588.46 judgment for breach of implied warranty of fitness on the construction of plaintiffs' house. The suit against defendant James Sauter and Counts

II and III of the amended petition were dismissed by plaintiffs. During the September 23 hearing, the trial court specifically noted that there had been no responsive pleadings filed on behalf of the defendants to plaintiffs' amended petition. But it is apparent that the default judgment rendered by the trial court was on the basis of Westoak's and Custom Builders' failure to appear on the scheduled trial date rather than a judgment for defendants' failure to plead responsively.[3]

On September 23, 1975, after the default judgment had been rendered, Mr. Sauter was informed by the circuit clerk that judgment had been entered against Westoak and Custom Builders. Mr. Sauter, acting as counsel for Westoak and Custom Builders, filed separate motions to set aside the judgments. On October 7 Mr. Sauter and counsel for plaintiffs appeared before the trial court, and Mr. Sauter sought a date for a hearing on the motions to set aside the judgment. The trial court summarily overruled the motions to set aside without permitting Mr. Sauter to make a record concerning the merits of his motions.

■ Under the circumstances of this case we believe that Westoak and Custom Builders should be afforded the opportunity for a presentation in support of their motions to set aside. In so ruling we do not consider the merits of the motions. We also forebear an incursion into the issue of whether the trial court may enter a judgment *nihil dicit,* for, indeed, no pleadings or motions have been filed by Westoak or Custom Builders to plaintiffs' amended petition.[4] We must observe, however, that Westoak and Custom Builders have a deep chasm to leap in that regard, but that matter is not

---

**2.** On September 23, the trial court denied Mr. Sauter's withdrawal request. A continuance was never granted.

**3.** The trial court: "Now I find that on May the 6th, 1975, that this case was especially set for September 23rd, 1975, and at which time both sides waived a jury. Now, that's the docket entry."
The record fails to explain how the case would have been tried on September 23, 1975, for it

was apparently not at issue. But in view of our decision, it is of no matter.

**4.** The only motions filed by Westoak and Custom Builders were motions to dismiss plaintiffs' original petition; these motions were overruled prior to the filing of the amended petition. We have pointed out that the amended petition stated a different cause of action which under Rule 55.33(a) requires a response.

before us—only the issue of whether the trial court erred in summarily overruling Westoak's and Custom Builders' motions to set aside the default judgment.

■■ We now consider the legal rubric concerning the setting aside of default judgments. A party seeking to have a default judgment set aside must allege and prove that he exercised reasonable diligence or has good excuse for being in default; that he has a meritorious defense to the principal action; and that the opposing party will not be substantially harmed by the delay of a new trial. *Gorzel v. Orlamander,* 352 S.W.2d 675 (Mo.1961); *Human Development Corp., etc. v. Wefel,* 527 S.W.2d 652 (Mo.App.1975); *Distefano v. Kansas City Southern Ry. Co.,* 501 S.W.2d 551 (Mo.App. 1973); *Rose v. Rose,* 401 S.W.2d 946 (Mo. App.1966). The motion to set aside must allege facts demonstrating reasonable diligence or good excuse for the default as well as showing the existence of meritorious defenses to the plaintiff's action. *Gorzel v. Orlamander,* supra; *State ex rel. Diners' Financial Corp. v. Swink,* 434 S.W.2d 593 (Mo.App.1968); *Rose v. Rose,* supra.[5] Furthermore, a motion to set aside a judgment does not prove itself; thus, if the motion contains sufficient allegations of fact for its support, the motion thus must be verified, or supported by affidavits or sworn testimony produced at the hearing on the motion. *Gorzel v. Orlamander,* supra; *Ward v. Cook United, Inc.,* 521 S.W.2d 461 (Mo.App.1975); *Rose v. Rose,* supra.[6]

■■ The motions filed by Westoak and Custom Builders to set aside the default judgments alleged facts in elaborate detail which were directed to the issue of excuse for failure to appear on September 23, 1975. Defendant's attorney (Mr. Sauter) particularly asseverated that by reason of the docket sheet indicating that the case had been placed on the trial court's October 7, 1975 call docket, he had assumed the case, based on his request for continuance, had been continued to that date. The motions to set aside were not supported by affidavit, but we believe that Westoak and Custom Builders should be given opportunity to prove the facts alleged by producing sworn testimony at a hearing on the motions. Defendants' motions to set aside assert defenses available to contest plaintiffs' action. Although both motions contain defenses that cannot properly be raised in a motion to set aside a default judgment,[7] each motion contains at least one defense which could properly be raised. Defendant Custom Builders alleges that there has been a settlement of the dispute between it and the plaintiffs. By having its motion summarily overruled, Custom Builders was not afforded an opportunity to present evidence to support this allegation. Defendant Westoak, in its motion, alleges that the plaintiffs' pleadings were fatally defective. By being denied a hearing, Westoak was

5. For example, a bare allegation that the defaulting party had a meritorious defense has consistently been held to be a mere conclusion and insufficient without an accompanying allegation of facts showing what the defense is as well as its meritorious and sufficient nature. *Gorzel v. Orlamander,* supra; *State ex rel. Diners' Financial Corp. v. Swink,* supra; *Rose v. Rose,* supra.

6. *Ward v. Cook United, Inc.,* supra, is illustrative. In *Ward,* the defense asserted to refute the plaintiff's action was contained in an unverified motion to set aside the judgment and in counsel's affidavits which merely stated that the defendant had a meritorious defense. The court held that as the record was devoid of any facts showing a meritorious defense, it could not be said that the trial court abused its discretion in overruling the defendant's motion. The court stated that the unverified motion and affidavit were necessarily hearsay and that the defendant's witness, who had known of the relevant facts, had not been proffered as a witness, nor was the witness's affidavit offered at the evidentiary hearing on the motion.

7. Both motions contain attacks on the sufficiency and the nature of the plaintiffs' evidence produced at the default hearing on September 23. These claims are not sufficient to have a default judgment set aside. *Fulton v. I. T. & T. Corp.,* 528 S.W.2d 466 (Mo.App.1975).

unable to argue the merits of its position.[8] The motions of both defendants sufficiently raised grounds for setting aside the judgments of default rendered against them. Defendants should thereby be given an opportunity to prove the facts alleged and have the merits of their claims heard. We therefore reverse the trial court's overruling of the two motions to set aside the default judgments and remand the matter for hearing.

KELLY, P. J., and JAMES R. REINHARD, Special Judge, concur.

8. While an attack on the sufficiency of the pleadings can be a meritorious defense, *Lester v. Dyer,* 518 S.W.2d 213 (Mo.App.1974), Westoak, in arguing this point may be confronted with a question concerning why no responsive pleadings or motions had been filed in response to the plaintiffs' amended petition in which the sufficiency of the petition could have been attacked.