Guadalupe **HERNANDEZ**, and Wilma
Hernandez, his wife,
Plaintiffs-Respondents,

v.

**WESTOAK REALTY & INVESTMENT,
INC.**, a corporation, and Custom Builders Corporation, a corporation, Defendants-Appellants.

No. 39692.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 31, 1979.

James J. Sauter, Deeba, DeStefano, Sauter & Herd, St. Louis, for defendants-appellants.

Clinton B. Roberts, Roberts & Roberts, Geoffrey Pratte, Farmington, for plaintiffs-respondents.

STEPHAN, Presiding Judge.

Westoak Realty and Investment, Inc., and Custom Builders Corporation appeal from the denial by the trial court of their motions to set aside default judgments against them. An earlier appeal from a similar ruling of the trial court, entered without a hearing, resulted in a reversal and the case was remanded for a hearing on the motions. *Hernandez v. Westoak Realty and Investment, Inc.*, 549 S.W.2d 906 (Mo. App.1977). The judgment from which the instant appeal was taken followed a hearing at which the defendants offered evidence through the testimony of their attorney. Plaintiffs' attorney and the circuit clerk also testified.

The case was initiated by the filing on January 23, 1975, of a two-count petition in the Circuit Court of Ste. Genevieve County. In count I, plaintiffs Guadalupe and Wilma Hernandez sought to enjoin James J. Sauter and Westoak from proceeding with a foreclosure sale of a shell house built for them by Custom Builders on which Westoak held a deed of trust. Sauter was the trustee. In count II, plaintiffs sought monetary damages against Custom Builders for defective construction of the house. All three defendants filed motions to dismiss which were denied on April 1, 1975. Mr. Sauter, attorney for the defendants, denied receiving notice of the trial court's action with respect to the motions. On May 28, 1975, plaintiffs substantially amended their petition apparently in part to take into account the fact that, in the interim, the foreclosure sale had taken place. As amended, the petition was in four counts: count I sought to set the foreclosure sale aside; II sought $5,000 in damages from Sauter and Westoak because of the alleged unconscionable inadequacy of the sale price; III reasserted the allegations of count II of the original petition seeking damages against Custom Builders for defective construction work; IV sought $30,000 in damages from Custom Builders for breach of implied warranty of fitness, as an alternative to count III. As pointed out by this court in the first opinion, supra, except for count III, the "amended petition stated a different cause of action from that set forth in the original petition." Id., 907. Sauter filed a motion to dismiss as to him; neither Westoak nor Custom Builders ever filed a pleading responsive to the amended petition.

On June 10, 1975, the cause was set for trial on September 23, 1975, as a jury-waived case. When the case was called for trial, no one appeared for the defendants. Plaintiffs dismissed as to Sauter and dismissed counts II and III. After evidence was adduced, the trial court found for plaintiffs against Westoak and ordered the foreclosure sale set aside. Judgment was also entered against Custom Builders on count IV in the amount of $29,588.46. On September 26, 1975, separate motions to set aside the judgments were filed by Sauter on behalf of Westoak and Custom Builders. As stated at the outset, the motions were denied without any evidentiary hearing and the cause was later remanded by this court for such hearing.

Before discussing the evidence subsequently received by the trial court, we "consider the legal rubric concerning the setting aside of default judgments," as articulated by Judge Gunn in the prior opinion. The following appears at 549 S.W.2d 909:

> "A party seeking to have a default judgment set aside must allege and prove that he exercised reasonable diligence or has good excuse for being in default; that he has a meritorious defense to the principal action; and that the opposing party will not be substantially harmed by the delay of a new trial. *Gorzel v. Orlamander,* 352 S.W.2d 675 (Mo.1961); *Human Development Corp., etc. v. Wefel,* 527 S.W.2d 652 (Mo.App.1975); *Distefano v. Kansas City Southern Ry. Co.,* 501 S.W.2d 551 (Mo. App.1973); *Rose v. Rose,* 401 S.W.2d 946 (Mo.App.1966)."

We consider whether there exist here the three elements set forth in the foregoing. At the hearing, Sauter admitted that he was notified of the September 23, 1975, setting in June of that year. On September 16, or 17, 1975, Circuit Clerk Vincent Sexauer telephoned Sauter to remind him of the setting. Mr. Sexauer reiterated the same information by certified mail. During the course of the telephone conversation, Sauter told the clerk that he intended to withdraw from representation of Westoak and Custom Builders and that he intended to contact plaintiffs' attorney to seek his consent to a continuance. By letter dated September 17, 1975, Sauter requested plaintiffs' attorney's consent to such a continuance. On the same day, Sauter mailed to the clerk a memorandum purporting to withdraw as attorney for Westoak and Custom Builders and reasserting his intention to seek a continuance by consent. The trial court did not grant leave to withdraw; plaintiffs' attorney did not consent to the continuance (and, in fact, left a telephone message at Mr. Sauter's office to the effect that he would not consent); and no written motion seeking a continuance was filed as required by Rule 65.03. However, we do not consider these factors in measuring counsel's diligence in failing to appear for the September 23, 1975, setting for the reason that on September 19 or 20, 1975, Mr. Sauter received in the mail a copy of the trial court's docket sheet for October 7, 1975, showing that the case was set for that day. The sheet also showed that Westoak and Custom Builders were not represented by counsel, although Sauter was shown to be representing himself. Thinking that the case had been continued and that he had been relieved of representation of the other defendants, Sauter took no further action until he received a telephone call from the clerk on the afternoon of September 23 advising him that the default judgment had been entered. Called as witness by the plaintiffs, Circuit Clerk Sexauer corroborated Sauter's testimony, added that the docket sheet had been prepared "prematurely," but that he put the case on the October 7 docket so that it could be reset at that time. While Mr. Sauter's conduct is no model of assiduity, we believe that, as of the time he received the docket sheet, he had "good excuse" for failing to appear in court on September 23, 1975.[1]

We now turn to the issue of whether Westoak and Custom Builders showed that they were possessed of a "meritorious defense." As pointed out, neither of the defendants filed a pleading responsive to the petition as amended. Responsive pleadings were not even tendered at the hearing mandated by the first opinion. Consequently, we can look only to the separate motion to set aside filed by each and the record made thereon to determine what the claimed defenses may be. See *John O'Brien Boiler Works Co. v. Home Brewing & Ice Co.,* 189 Mo.App. 91, 175 S.W. 225, 226 (1915); *Lester v. Dyer,* 518 S.W.2d 213, 217[5] (Mo.App. 1974).

Westoak contends that its "meritorious defense" lies in deficiencies in the amended petition. Failure to state a claim upon which relief could be granted would

---

1. It was defendants' failure to appear on the appointed day rather than their failure to plead which prompted the trial court to enter its "final judgment."

indeed constitute a meritorious defense, *Lester v. Dyer*, supra, and an examination of Westoak's motion alleges the claimed deficiencies to be as follows:

> "that there is now (sic) showing by the pleadings or evidence that the trustee had abused his trust or combined with the Cestui Que Trust to the detriment of the plaintiffs. There were no allegations or proof of any improper procedures employed in the foreclosure sale, as to any notice, sales procedure or subsequent delivery of trustee deed which would have precluded plaintiffs from asserting their rights. Further, the plaintiffs' pleadings and evidence were fatally defective in that they failed to include and prove condition precedent for setting aside a foreclosure—namely, an offer to redeem by paying the debt."

Most of the claims are refuted by count I of the amended petition itself. It is alleged that Mr. Sauter is an officer and director of both defendant corporations as well as trustee on the deed of trust; that, as trustee, he failed to act with impartiality as to plaintiffs and was biased and prejudiced in favor of Westoak; that the construction work was grossly defective; that, in reality, Westoak and Custom Builders are one and the same entity; and that in view of the fact that the value of the land was $6,000, the sale price of $500 to Westoak was unconscionable. These allegations are sufficient to show that the claimed deficiencies, save two, do not exist. It is true that there are no allegations in the petition to the effect that the sale was conducted in violation of the terms of the deed of trust (as to such routine matters as notice, time, etc.); likewise, the petition contains no offer to redeem by paying the debt. The omission of the former would not be fatal in view of the other allegations. See *Smith v. Haley*, 314 S.W.2d 909 (Mo.1958). However, there is some authority from which it can be argued that an offer to redeem is a condition precedent to the successful maintenance of a suit to set aside a foreclosure sale. Westoak cites us to one case on this point, *Young v. Kansas City Life Ins. Co.*, 329 Mo. 130, 43 S.W.2d 1046, 1048 (1931), which states by way of dictum, "Further-

more, the petition does not place the plaintiff in a position to have the sale set aside. There is no offer to redeem." No authority is cited for this proposition. However, we think a more reasonable and equitable rule was stated in *Axman v. Smith*, 156 Mo. 286, 57 S.W. 105, 107 (1900), in which a petition was held by the trial court to be fatally defective for failure to allege willingness and ability to redeem. In reversing, the Supreme Court said, "Unless we are prepared to say that an insolvent debtor has no right to the aid of a court of equity to secure a fair and impartial sale of his property at the hands of his trustee, we cannot say that an offer to redeem is in every such case indispensable." See also *Spires v. Lawless*, 493 S.W.2d 65, 71 (Mo.App.1973) where the court said,

> "In the first place, an offer to redeem, i. e., a tender of all that is due the mortgagee, is not always an indispensable prerequisite to an action to set aside a trustee's sale, particularly when it appears the sale was void at law and not merely voidable."

As in *Axman*, where by reason of insolvency plaintiffs were not required to offer to pay the entire debt in light of the allegations of the trustee's lack of impartiality, so should it be here in view of similar allegations concerning the trustee and the grossly defective construction work which fell far short of the specifications. Thus, failure to allege a willingness to retire the entire debt was not necessarily a fatal deficiency; it did not constitute a meritorious defense; and the trial court did not abuse its discretion in denying the motion to set aside the default judgment against Westoak. *Luce v. Anglin*, 535 S.W.2d 504, 506–507[1] (Mo. App.1976).

In Custom Builders' motion to set aside the default judgment, the allegation is made that "a settlement of any dispute between plaintiffs and this defendant was made, with each having counsel, whereby plaintiffs paid this defendant a substantial amount in settlement." At the hearing, Mr. Sauter testified that he received a letter from an attorney representing the plaintiffs. The letter listed various defects in the workmanship. Thereafter, according

to Sauter's unrefuted testimony, he negotiated a settlement of the claim whereby plaintiffs were relieved of $500 of the contract price with Custom Builders. While evidence concerning the claimed settlement is not detailed, it does clearly indicate "the existence of at least an arguable theory of defense," the burden borne by a defendant in attempting to set aside a default judgment. *Luce v. Anglin*, supra, 508. Settlement of a disputed claim is a meritorious defense. *Town & Country Shoes Federal Credit Union v. Cramer*, 350 S.W.2d 281 (Mo.App.1961).

Since the status quo has effectively been restored as between the parties, we do not believe that the ordering of a new trial will substantially harm the interests of the plaintiffs. On this record, we hold it was an abuse of the trial court's discretion to refuse to set aside the default judgment against Custom Builders.

Plaintiffs' motion to dismiss the appeal for failure of defendants' brief to comply with Rule 84.04, which was taken with the case, is denied.

Accordingly, the judgment is affirmed in part, reversed in part, and remanded for trial on plaintiffs' claim against Custom Builders Corporation.

CRIST and STEWART, JJ., concur.