EMMA YATES, Appellant, v. WYNNE M. CASTEEL.—49 S. W. (2d) 68.

Division One, April 2, 1932.

*R. A. Pearson* for appellant.

*Russell R. Casteel* for respondent; *Mercer Arnold* of counsel.

FERGUSON, C.—The plaintiff filed her petition in the office of the clerk of the Circuit Court of Jasper County charging that defendant had breached a written agreement, therein set out, to plaintiff's damage in the sum of $9100 for which amount she asked judgment. Thereupon the clerk of said court issued a summons directed to the "sheriff of any county." The return endorsed upon the summons shows it was served upon defendant in the city of St. Louis by the sheriff of that city. Defendant appeared specially and limiting his appearance to that purpose moved to quash the summons and the return on the ground, that the clerk of the Circuit Court of Jasper County was without authority to issue the summons directed to the sheriff of "any county;" that the sheriff of the city of St. Louis was without authority to serve said summons on the defendant in the city of St. Louis and that such "attempted service" did not give the court jurisdiction of the person of the defendant. The court sustained the motion and from the judgment quashing the return and service the plaintiff appealed.

Appellant says that the motion to quash is not the proper and appropriate method to raise the question of the court's jurisdiction of the person of defendant. This is a personal action against a sole defendant "instituted by summons" (Sec. 720, R. S. 1929) and defendant's motion challenges the authority of the clerk of the Circuit Court of Jasper County to issue the summons to another county and the validity of service upon defendant in the city of St. Louis by the sheriff of that city. As the direction of the summons and the time, place and manner of service thereof appears upon the face of the summons and the return, the sufficiency of the service to confer jurisdiction of the person of defendant was, we think, properly raised by the motion to quash. [Newcomb v. Railroad Co., 182 Mo. 687, 81 S. W. 1069; Mertens v. McMahon (Mo. App.), 28 S. W. (2d) 456; Harris v. McQuay (Mo. App.), 300 S. W. 305; Curfman v. Fidelity & Deposit Co., 167 Mo. App. 507, 152 S. W. 126.]

The sole question then presented by the motion to quash is whether in an action of this character, *in personam*, "instituted by summons" (Sec. 720, R. S. 1929) against a sole defendant, the court acquires

jurisdiction of the person of defendant by service of summons upon him in a county other than the county of venue.

"In this State, by one general system our Legislature has provided for the venue of all civil actions" and "provided for every contingency as to the bringing of suits." [Coleman v. Lucksinger, 224 Mo. 1, 123 S. W. 441.] Section 721, Revised Statutes 1929, requires that "suits commenced by attachment against the property of a person or in replevin or claim and delivery of personal property where the specific property is sought to be recovered be brought in the county in which such property may be found." Section 722, Revised Statutes 1929, provides that, "Suits for the possession of real estate, or whereby the title thereto may be affected, or for the enforcement of the lien of any special tax bill thereon, shall be brought in the county where such real estate, or some part thereof, is situated." Section 723, Revised Statutes 1929, relates to suits against corporations and the venue of suits for partition of real estate is determined by Section 1548, Revised Statutes 1929. The venue of an action such as we have in the instant case is controlled by Section 720, Revised Statutes 1929, which is as follows:

"Suits instituted by summons shall, except as otherwise provided by law, be brought: First, when the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found; second, when there are several defendants, and they reside in different counties, the suit may be brought in any such county; third, when there are several defendants, some residents and others non-residents of the state, suit may be brought in any county in this state in which any defendant resides; fourth, when all the defendants are non-residents of the state, suit may be brought in any county in this state; fifth, any action, local or transitory, in which any county shall be plaintiff, may be commenced and prosecuted to final judgment in the county in which the defendant or defendants reside, or in the county suing and where the defendants, or one of them may be found."

It was in effect held in Coleman v. Lucksinger, supra, that the provision, in the foregoing section, "except as otherwise provided by law" means except as otherwise provided by statute. [City of Kirkwood v. Handlan, 182 Mo. App. 626, 168 S. W. 346.] This case being *in personam*, against a sole defendant, upon a consideration of all other statutory provisions relating to venue, clearly appears to come within the first division of the foregoing Section 720, which requires that when the defendant is a resident of the State "suits instituted by summons shall . . . be brought . . . in the county within which the defendant resides or in the county within which the plaintiff resides and the defendant may be found."

The latter part of this division, "the county within which the plaintiff resides and the defendant may be found" means that suit instituted by summons, "except as otherwise provided by law," may be maintained in the county within which plaintiff resides and in which the defendant may be found and served with summons, issued out of the court of such county wherein the petition is filed, in the manner and within the time specified by statute. This case does not come within that provision of the section. The Circuit Court of Jasper County is a court of general jurisdiction and has jurisdiction of a cause of action such as is set up in the petition herein. In an action of this kind "the rules of good pleading do not require jurisdictional facts to be pleaded when suits are instituted in such courts." [St. Charles Savings Bank v. Quarry Co. (Mo. Sup.), 210 S. W. 868.] Nothing affirmatively appearing to the contrary, in the determination of the motion to quash, we presume that the defendant is a resident of the State of Missouri and of Jasper County. Appellant's position is that since it must be presumed that defendant is a resident of Jasper County that when the summons herein issued out of the circuit court of that county directed "to the sheriff of any county" was served upon the defendant by the Sheriff of the city of St. Louis in the city of St. Louis the court thereby acquired jurisdiction of the person of defendant. In actions *in rem,* or in the nature of actions *in rem,* wherein by statute the *situs* of the property fixes the venue of the cause regardless of the residence of the parties, or either of them, the statute either expressly or by necessary implication authorizes the issuance of summons to, and service of same upon a defendant in, any county in the State. In the following instances the statute makes provision for the issuance to and the service of summons in an action *in personam* in a county other than that of the venue. (1) "Where there are several defendants and they reside in different counties suit may be brought in any such county" (second division, Sec. 720, supra), and "when there are several defendants residing in different counties the plaintiff may, at his option, have a summons directed to 'any sheriff in the State of Missouri,' or have a separate summons directed to the sheriff of any county in which one or more defendants may be found." [Sec. 733, R. S. 1929.] Pursuant to these statutory provisions if one of two or more defendants resides in the county where suit is brought and is served with summons therein summons for other defendants may issue to and be served in other counties in the State. (2) Section 723, Revised Statutes 1929, relating to venue of suits against corporations reads: "Suits against corporations shall be commenced either in the county where the cause of action accrued, or in case the corporation defendant is a railroad company owning, controlling or operating a railroad running into or through two or more counties in this State, then in either of such counties, or in

any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business." Section 834, Revised Statutes 1929, directs how summons against a corporation shall issue and Section 735, Revised Statutes 1929, provides that such summons may be served "on the president or other chief officer of such company, or, in his absence, by leaving a copy thereof at any business office of said company with the person having charge thereof, . . . and if the corporation have no business office in the county where a suit is brought, or if no person be found in charge thereof, and the president or chief officer cannot be found in such county, a summons shall be issued, directed to any county in this State, . . . where the president or chief officer of such company may reside or be found, or where any office or place of business may be kept of such company, and the service thereof shall be the same as above." (3) The county "where plaintiff resides" is the proper venue of a suit for divorce "and the process may be directed, in the first instance, into any other county in the State where the defendant resides." [Section 1315, Revised Statutes 1929.]

We find no statutory provision authorizing the issuance of summons to, and service of same in, a county other than that of the venue, in a case such as this nor does appellant cite, or claim such authority exists by virtue of, any specific statute. Appellant argues that it must be presumed in this case that the venue is properly laid and that defendant is a resident of Jasper County and therefore the implication is that the summons issued out of the circuit court of that county could be served upon defendant in any county in this State where he might be found and thereby confer jurisdiction of his person upon the court. This action being *in personam* against a sole defendant we think the provision of Section 720, supra, fixing the venue must be held to contemplate and require the issuance of summons to, and service thereof in, Jasper County and does not permit the implication which appellant makes. There being no statute, so authorizing, we hold that the clerk had no power to issue the summons to another county nor did the sheriff of the city of St. Louis have authority to execute same in the city of St. Louis. The circuit court properly sustained the motion to quash the service and its judgment is therefore affirmed. *Sturgis* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All of the judges concur.