Ora Hankins v. G. W. Smarr and R. T. Algeo, Appellants.—137
S. W. (2d) 499.

Division One, March 6, 1940.

*A. R. Troxell* for appellants.

*J. R. Gideon* and *Tom R. Moore* for respondent.

HYDE, C.—This is an action in equity to set aside, as a cloud on title, a sheriff's general execution deed, conveying real estate in Taney County, on the ground that the judgment, upon which the execution was issued, was absolutely void. The trial court found in favor of plaintiff and entered a decree of cancellation, from which defendants have appealed.

The decisive question is whether the judgment, obtained by defendants in Boone County, against plaintiff and R. A. Hankins, her husband, was wholly void for lack of jurisdiction over the defendants, and therefore subject to collateral attack in the Taney County suit to set aside the sheriff's deed based upon it. Defendant's commenced their suit in Boone County on March 3, 1926, to recover the balance due on a promissory note signed by plaintiff and her husband. The record proper in that suit shows that the original summons therein was issued to the Sheriff of Gasconade County, commanding him "To Summon Ora Hankins and R. A. Hankins to appear before the Judge of our Boone County Circuit Court on the first day of the next term thereof;" that the Sheriff of Gasconade County made return that he "executed the within writ, in Gasconade County, Missouri, on the 5th day of March 1926, by delivering a copy of the writ, together with a duly certified copy of the petition thereto attached, to the within named R. A. Hankins, being the first one served, and also served a copy of the writ to Ora Hankins;" and that judgment by default was entered against plaintiff and her husband at the April Term, 1926 of the Boone County Circuit Court upon their failure to make an appearance of any kind. Execution, levy and sale of the plaintiff's Taney County land was had under this judgment early in 1934, and this suit was commenced May 9, 1934.

Our venue statute (Sec. 720, R. S. 1929, 2 Mo. Stat. Ann. 929) provides:

"Suits instituted by summons shall, except as otherwise provided by law, be brought: First, when the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found."

The subsequent provisions of this section provide for bringing suit against several defendants who reside in different counties or against non-residents of this state or where a county is plaintiff. Section 725, Revised Statutes 1929 (2 Mo. Stat. Ann. 944), provides for issuing the writ of summons and for its delivery "to the officer charged with execution thereof." Section 727, Revised Statutes 1929 (2 Mo. Stat. Ann. 946), provides that such writ "shall be directed to the officer to be charged with the execution thereof." [See also Sec. 753, R. S. 1929, and Const. of Mo., Sec. 38, Art. VI.] Section 733, Revised Statutes 1929 (Mo. Stat. Ann. 954), provides: "When there are several defendants residing in different counties, the plaintiff

may, at his option, have a summons directed to 'any sheriff in the state of Missouri,' or have a separate summons directed to the sheriff of any county in which one or more defendants may be found." This is the only provision for directing a summons to any sheriff other than the sheriff of the county in which a suit instituted by summons is commenced. Section 728, Revised Statutes 1929 (2 Mo. Stat. Ann. 947), providing methods of service of summons does not authorize service upon an individual defendant outside of the county in which the suit is commenced, but does so as to corporations not having an office. Reading these statutes and the venue statute together, do they not mean that it is essential to jurisdiction, to enter a personal judgment, for service of summons to be had upon a defendant or defendants (except when defendants reside in different counties) in the county (where plaintiff resides and defendant is found or where defendant resides) in which the suit is begun? This court has expressly so held in Yates v. Casteel, 329 Mo. 1101, 49 S. W. (2d) 68.

In that case we said:

"We find no statutory provision authorizing the issuance of summons to, and service of same in, a county other than that of the venue, in a case such as this, nor does appellant cite, or claim such authority exists by virtue of, any specific statute. Appellant argues that it must be presumed in this case that the venue is properly laid, and that defendant is a resident of Jasper County, and therefore the implication is that the summons issued out of the circuit court of that county could be served upon defendant in any county in this State where he might be found and thereby confer jurisdiction of his person upon the court. This action being *in personam* against a sole defendant, we think the provision of Section 720, supra, fixing the venue, must be held to contemplate and require the issuance of summons to, and service thereof in, Jasper County, and does not permit the implication which appellant makes. There being no statute so authorizing, we hold that the clerk had no power to issue the summons to another county, nor did the sheriff of the City of St. Louis have authority to execute same in the City of St. Louis."

This ruling is controlling in this case because the situation is the same where there are two defendants (husband and wife) who both reside in the same county. Therefore, it appears from the face of the record proper, in defendants' suit against plaintiff and her husband on their note, that the Circuit Court of Boone County never obtained jurisdiction to enter a personal judgment against them in that case. This is because it shows that suit was instituted by summons in Boone County and plaintiff and her husband (defendants in that suit) were not found therein, as would have been essential to that court's jurisdiction, if defendants (plaintiffs in that suit) resided in Boone County; and likewise shows that plaintiff and her husband (defendants in that suit) were not served in Boone County,

as would have been essential to that court's jurisdiction if they resided in Boone County. Thus in neither case, could service upon them in Gasconade County confer any jurisdiction over them in such a suit instituted in Boone County. As to jurisdiction over parties in case of waiver by entry of appearance, see Robinson v. Field, 342 Mo. 778, 117 S. W. (2d) 308. No waiver is claimed or shown by the record herein.

Defendants say that Boone County was the residence of plaintiff and that if "service must be made upon a resident in the county of his residence" then "all an individual would have to do to be judgment proof would be to lock his home so that there would be no one there to accept service; and not establish a new residence." However, the Legislature has provided for that situation by authorizing suits by attachment on such grounds (Sec. 1274, R. S. 1929, 2 Mo. Stat. Ann. 1487) in any county in which defendant's property may be found (Sec. 721, R. S. 1929, 2 Mo. Stat. Ann. 933) with service either by publication (Sec. 739, R. S. 1929, 2 Mo. Stat. Ann. 959) or by personal service wherever they may be found (Sec. 748, R. S. 1929, 2 Mo. Stat. Ann. 971). If venue and service statutes ought to be enlarged beyond their present scope, it is for the Legislature to make the necessary changes. This court must enforce the statutes as they have been enacted.

Defendants further say that a judgment is absolute against any attack after three years because of Section 1083, Revised Statutes 1929 (2 Mo. Stat. Ann. 1382). This statute applies only to the special procedure of petition for review of a valid default judgment, provided in Section 1081, Revised Statutes 1929 (2 Mo. Stat. Ann. 1379), based upon the grounds set out in Section 1084, Revised Statutes 1929 (2 Mo. Stat. Ann. 1382). [For nature of this proceeding see Dillbeck v. Johnson 344 Mo. 345, 129 S. W. (2d) 885.] It is not applicable to a judgment void for lack of jurisdiction to enter it, because such a judgment is of no force and effect whatever and may be collaterally attacked.

The decree of cancellation is affirmed. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.