278 So.2d 647 (1973)
COGGIN PONTIAC, INC., a Florida Corporation, Appellant,
v.
PUTNAM AUTO SALES, INC., a Florida Corporation, Appellee.
No. T-234.
District Court of Appeal of Florida, First District.
June 5, 1973.
Hugh M. Davenport of Greene, Greene, Smith & Davenport, Jacksonville, for appellant.
Angus W. Harriett, Palatka, for appellee.
WIGGINTON, Judge.
By this interlocutory appeal, appellant, who was one of two codefendants joined in this action, seeks review of an order denying its motion to dismiss the complaint filed against it on the ground of improper venue.
Appellee, as plaintiff, instituted this action in the Circuit Court of Putnam County, Florida, against appellant, Coggin Pontiac, Inc., and one Wayne Laudig, jointly *648 and severally. Its complaint alleges that it agreed to finance Laudig in the wholesale purchase of automobiles from Coggin and others; that through collusion Laudig purchased automobiles from Coggin at wholesale prices less than the amount paid and in certain other instances at wholesale prices more than the amount paid; that plaintiff honored drafts payable at the Palatka Atlantic National Bank in Palatka, Florida, on the automobiles so purchased by Laudig from Coggin, resulting in a loss to plaintiff in the amount of $3,000.00 for which a judgment is prayed.
Coggin filed a motion to dismiss the complaint on the dual grounds of improper venue and failure of the complaint to state a cause of action against it. The motion alleges that Coggin has no office in Putnam County and that the cause of action alleged in the complaint accrued in Duval County. Attached to the motion is an affidavit by the president of Coggin averring that the corporation does not have and never has had an office for the transaction of its customary business in Putnam County, and that all dealings between it and plaintiff, Putnam Auto Sales, Inc., were handled through the latter's agent, Laudig, in Duval County at Coggin's office located therein. The trial court denied the motion to dismiss the complaint for improper venue but granted the motion because of the failure of the complaint to state a cause of action and granted appellee 15 days within which to file an amended complaint. The order of dismissal without prejudice is not made an issue on this appeal.
It is appellant's position that the controlling statute applicable to this case is F.S. section 47.051, F.S.A., which provides that actions against domestic corporations shall be brought only in the county or district where such corporation has or usually keeps an office for transaction of its customary business, or where the cause of action accrued, or where the property in litigation is located. Appellant correctly asserts that the allegations of its motion together with the supporting affidavit affirmatively establish that it is a domestic corporation whose office for the transaction of its customary business is located in Duval County and that it does not have nor has it ever had an office in Putnam County where this suit is instituted. Appellant argues that if it is guilty of collusion and fraud as alleged in the complaint, such collusion occurred at its place of business in Duval County in its negotiations and dealings with Laudig and did not occur in Putnam County. Because of the foregoing, appellant takes the position that the proper venue for this action against it is in Duval County and that the trial court erred in holding to the contrary. Such conclusion ignores the alternative provision of the statute which permits actions to be properly brought in the county where the cause of action accrued.
Our review of the record persuades us that there are two reasons, each sufficient unto itself, why the order appealed herein conforms with the requirements of law and should be affirmed. Firstly, as we construe the gravamen of the action it is one ex delicto charging the defendants herein with the tort of collusion, resulting in a fraud being perpetrated upon appellee causing it damages for which recovery is sought. A cause of action of this kind accrues at the moment of the wrong, fault, or delict by the defendant and the injury of the plaintiff, and may be said to accrue within the meaning of the statute fixing venue of actions when it comes into existence as an enforceable claim and the right to sue becomes vested.[1] Even though the alleged collusion may have occurred in Duval County as contended by appellant, the injury to appellee occurred when it was fraudulently induced by the defendants to honor drafts drawn against its account at its bank in Putnam County. The damage to appellee occurred in Putnam County when money in its bank *649 account was withdrawn and paid to appellant and its codefendant as a result of fraudulent representations and inducements. It is therefore our view that appellee's cause of action, if any, accrued in Putnam County where the suit is instituted and where venue has been preserved by the court's order appealed herein.
Secondly, it must be noted that the complaint filed herein contains no allegations from which it can be held that the venue selected by the plaintiff is improper. In pointing up the burden imposed upon a defendant who seeks dismissal of a cause of action because of improper venue, this court in the case of Permenter v. Bank of Green Cove Springs[2] said:
"... Assuming the pleadings of the adverse party do not affirmatively show that venue is lacking, the challenging party has the burden of establishing its absence. A defense asserting a statutory privilege to be sued in a county other than the one in which the suit or action is brought should by specific averments negative a right of the plaintiff to maintain the suit or action in the county where brought, under any applicable provision of law; and to that end should contain specific averments as to the place where defendant resides, where the cause of action accrued, or where the property in litigation is located, with such degree of certainty as to exclude the idea that the suit was brought in the proper county... ."
Although the motion to dismiss the complaint and the affidavit in support thereof filed by appellant sufficiently establish that the only place where it has an office for the transaction of its customary business is in Duval County, the record is silent as to the residence of the codefendant, Laudig. The affidavit in support of its motion filed by appellant does aver that defendant-Laudig is the agent, servant, or employee of appellee, Putnam Auto Sales, Inc., but it fails to aver whether Laudig is a resident of Putnam County, of Duval County, or of some other county or state. From aught that appears from the pleadings and evidence on file in the cause, Laudig well may be and by inference could be held to be a resident of Putnam County. To say the least, his status as a resident of Putnam County has not been negated nor refuted by any proof or supporting documents submitted by appellant. Construing the pleadings herein most strongly against the pleader, Coggin, as we must do in testing the sufficiency of its motion, it must be assumed that Laudig is a resident of Putnam County as to whom venue has been properly laid.[3] Such situation brings into play F.S. Section 47.021, F.S.A., which provides that actions against two or more defendants residing in different counties or districts may be brought in any county or district in which any defendant resides. If, therefore, venue is properly laid as to the cause of action against defendant-Laudig, it is also properly laid as against defendant-Coggin even though the latter maintains its business office in Duval County.[4]
Based on the foregoing authorities, we conclude that the trial court did not err in rendering the order appealed herein and, therefore, it is affirmed and this appeal dismissed.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.
NOTES
[1] 56 Am.Jur. 38, Venue, § 34.
[2] Permenter v. Bank of Green Cove Springs. (Fla.App. 1962) 136 So.2d 377, 379.
[3] Permenter v. Bank of Green Cove Springs, supra note 2.
[4] Equipment Company of America v. Davis, (Fla.App. 1969) 223 So.2d 94.