**George DISTEFANO, Respondent,**

v.

**The KANSAS CITY SOUTHERN RAILWAY COMPANY and Morgan P. Gunderson, Appellants.**

**No. KCD 26234.**

Missouri Court of Appeals, Kansas City District.

Nov. 5, 1973.

Sam D. Parker, Robert D. Youle, Daniel M. Dibble, Kansas City, for appellants; Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Kansas City, of counsel.

Bernard Eveloff, Kansas City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and WASSERSTROM, JJ.

PER CURIAM.

Appeal is taken from the denial of a motion to vacate a default judgment for $10,000 taken against defendants Kansas City Southern Railway Company and Morgan P. Gunderson. Appellants contend that the refusal of the trial court to vacate the default judgment was error because their failure to appear at the trial was due to inadvertence and mistake rather than negligence. Further, they contend that they have a meritorious defense.

This suit arose out of a truck-train collision at an intersection in Kansas City. Respondent sued both the engineer of the train and the railroad on the principle of *respondeat superior* and sought $17,000 damages from them. Affidavits submitted by appellants in support of the motion to vacate the default judgment revealed that the petition and summons served upon the railroad and Morgan Gunderson were forwarded to the railroad's legal department and specifically, to the Assistant General Counsel of the railroad, Richard P. Bruening. It was the practice of the railroad to represent its employees in suits of this nature; thus, Gunderson placed the defense of his case in the hands of his employer and gave it no further thought.

Bruening reviewed the case and determined that the railroad would defend the suit. He transmitted the suit papers to E. Richard Gibbons, the Chief Clerk of Bruening's department, for preparation of a case file and forwarding to the railroad's local trial counsel. Gibbons placed the papers in a file drawer and forgot about them. A default judgment was entered and notice was given to appellants of that fact.

A party who seeks to have a default judgment set aside must show good cause for his failure to answer timely and that he has a meritorious defense to the claim asserted in plaintiff's petition. Clinton v. Clinton, 444 S.W.2d 677, 681 [2] (Mo.App.1961).

Appellants argue that good cause for setting aside a default judgment is shown by the justifiable reliance of a defendant upon a third party to engage a

lawyer to file an answer, where the third party then fails to hire a lawyer. The house counsel and chief clerk of the appellants were not third parties, however, but their agents and alter ego with whose lack of diligence and ordinary prudence appellants are chargeable. Appellants cite two Missouri authorities [Parks v. Coyne, 156 Mo.App. 379, 137 S.W. 335 (1911) and Whitledge v. Anderson Air Activities, 276 S.W.2d 114 (Mo.1955)] to support their contention that the circumstances show good cause to set aside the default judgment against them. The cases cited are distinguishable. In each of them the defendant relied upon the representation of a third party, the trial attorney, that he would undertake the defense but who, then, without notice to the defendant, did not fulfill that commitment. In this case, appellants never succeeded in engaging trial counsel so, of course, could receive no assurance of representation from him.

Appellants have failed to show good cause. Their default was the result of neither misadventure nor mistake, but of an unmitigated negligence. The judgment of the trial court is affirmed.