Lester FULTON, Respondent,

v.

INTERNATIONAL TELEPHONE & TELEGRAPH CORP., Appellant.

Nos. 36090, 36091.

Missouri Court of Appeals, St. Louis District, Division Two.

Aug. 5, 1975.

Motion for Rehearing or Transfer to Court En Banc or to Supreme Court Denied Sept. 8, 1975.

Application to Transfer Denied Nov. 10, 1975.

Lewis, Rice, Tucker, Allen & Chubb, James W. Herron, St. Louis, for appellant.

Aubuchon & Lavin, Ross G. Lavin, St. Louis, for respondent.

KELLY, Judge.

These are consolidated appeals; that in Cause No. 36090 from the granting of a special order allowing the appellant (hereinafter the defendant) to file a notice of appeal out of time, Rule 81.07, from a default judgment entered in the Circuit Court of the City of St. Louis on September 28, 1973, and that in Cause No. 36091 from an order of the same court denying defendant's First Amended Motion to Set Aside Judgment And to Quash Execution And Petition For Review. Respondent (hereinafter the plaintiff) filed in this court a Motion To Dismiss the Appeal in Cause No. 36090, on the grounds that the defendant does not satisfy the criteria for the granting of the special order. Plaintiff's Motion to Dismiss has been taken with the case. For reasons hereinafter set out, we sustain plaintiff's Motion to Dismiss defendant's appeal from the default judgment, entered on September 28, 1973, in the Circuit Court of the City of St. Louis and we further affirm the trial court's denial of defendant's Motion to Set Aside Judgment, Quash Execution and Petition for Review.

Plaintiff filed his petition seeking damages for violation of the Service Letter Statute, § 290.140 RSMo 1969, on the 14th day of March, 1973. Count I of plaintiff's petition prayed for actual damages of $21,-000.00; Count II, punitive damages of $100,000.00. Personal service was had on C.T. Corporation System, 314 North Broadway, St. Louis, Missouri, the registered agent of the defendant, by serving a copy of the petition and a summons on E. G. Farrelley, Secretary of the C.T. Corporation System on March 16, 1973. No appearance having been entered on behalf of the defendant, and no motions or answer having been filed, plaintiff on June 12, 1973, upon request, was granted a default and inquiry, and the cause was set for hearing on June 28, 1973. On June 28, 1973, defendant still being in default, inquiry was conducted and at the request of the trial court a memorandum was filed and the cause was taken under submission. On September 28, 1973, judgment was entered in behalf of plaintiff in the amount of $21,000.00 on Count I of his petition and $75,000.00 on Count II of his petition.

On November 14, 1973, an entry of appearance was made by a St. Louis law firm in the trial court and at said time a Motion to Set Aside Judgment, Quash Execution and Petition for Review was filed. The following day, November 15, 1973, counsel for the defendant filed a Motion to Stay Execution and plaintiff's counsel was noticed to appear in the trial court on November 20, 1973, to take up defendant's Motion to Stay Execution. On said date, November 20, 1973, defendant's Motion to Stay Execution was taken up and submitted. On December 5, 1973, verification of the Motion to Stay Execution was filed and an indemnity bond in the amount of $115,-000.00 with surety was presented and approved. The trial court on said date entered an order staying execution of the judgment, and called up defendant's Motion to Set Aside the Judgment and Petition for Review and heard arguments thereon. De-

fendant filed an affidavit for continuance and the Motion was reset for December 19th, 1973. On December 19, 1973, the Motion was continued to December 20, 1973, and the defendant filed its First Amended Motion to Set Aside Judgment And To Quash Execution And Petition For Review. On February 6, 1974, plaintiff filed his Answer to defendant's First Amended Motion to Set Aside Judgment And To Quash Execution And Petition For Review. On February 7, 1974, defendant's First Amended Motion to Set Aside Judgment And To Quash Execution and Petition For Review was heard and submitted and each party granted time until February 14, 1974, to file briefs. On February 20, 1974, the trial court entered its order denying defendant's Motion to Set Aside Judgment, And To Quash Execution And Petition For Review. On March, 1, 1974, defendant filed its Notice of Appeal to the Supreme Court "from the appealable order entered in this action on the 20th day of February, 1974" and ten days later followed with a Motion for A Special Order to File a Notice of Appeal Out of Time pursuant to Rule 81.07 from the "judgment entered September 28, 1973" also in the Supreme Court. On March 18, 1974, the Supreme Court, on its own motion, transferred both the direct appeal from the default judgment of September 28, 1973, and the appeal from the order denying the defendant's Motion to this court on the grounds that jurisdiction in both was vested in the Missouri Court of Appeals, St. Louis District. On March 21, 1974, upon receipt of the two files from the Supreme Court, this court, inadvisedly we conclude, sustained defendant's Motion For a Special Order to File a Notice of Appeal Out of Time pursuant to the provisions of Rule 81.07.

We have concluded that the order permitting the defendant to file its notice of appeal out of time was improvidently granted, should now be set aside and held for naught, and defendant's appeal from the default judgment of September 28, 1973, be dismissed. We have reached this conclusion because we believe that the granting of the Order for the filing of a Notice of Appeal out of time under the facts of this particular case is at odds with the principle that the trial court should be initially afforded the opportunity to have called to its attention and to correct alleged errors committed by itself before an appellate court attempts a review thereof. The trial court in this case was afforded this opportunity by defendant's motions, held a hearing thereon, and thereafter entered an appealable order denying the relief sought by the defendant and from which the defendant has also perfected an appeal in this court in Cause No. 36091. Both appeals raise essentially the same Points Relied On for reversal of the trial court's judgments, and it would be a squandering of judicial time and effort to review the same grounds in two separate appeals.

For these reasons we sustain plaintiff's motion to dismiss defendant's direct appeal from the default judgment of September 28, 1973, and set aside and hold for naught the order of this court granting said appeal out of time as having been improvidently granted.

Moving now the defendant's appeal from the order of the trial court of February 20, 1974, denying defendant's motion to set aside the default judgment and petition for review—Cause No. 36091. It is necessary to set out in some detail the almost incomprehensible procrastination practiced by house counsel for the defendant once he received a copy of the summons and petition served on defendant's registered agent sometime between March 20, 1973, and March 26, 1973, and the date of the entry of the default judgment on September 28, 1973.

Despite the fact he was notified by plaintiff's counsel by letter of June 5, 1973, that unless an entry of appearance or pleading were filed within one week of June 5, 1973, plaintiff would have no recourse but to take a default, no communication was forthcoming from defendant's house counsel until

June 29, 1973—the day after the inquiry hearing—when he advised plaintiff's counsel that he had called his office that day and was told that he was out of town and that he, defendant's house counsel, would be on vacation between July 2, and 6, but that he wanted to discuss the matter upon his return to his office on July 9, and if they could not reach an agreement he had "plans to retain" local counsel. An associate of plaintiff's counsel responded to this letter on July 2, 1973, and advised defendant's house counsel that he was now handling the cause, acknowledged receipt of the letter of June 29th and asked that defendant's house counsel call him when he had returned to his office.

On September 26, 1973, the trial judge mailed to the defendant's house counsel—who had not entered his appearance nor hired local counsel to do so by that time—a copy of a proposed memorandum for the clerk of the court which reads as follows:

"Cause called. Plaintiff appears. Although called thrice, defendant appears not and remains in default. Upon testimony and evidence previously heard and adduced the Court *will rule as follows on September 28, 1973*:

Judgment and finding of Court in favor of Plaintiff on Count I in the sum of $21,000.00 and costs.

Judgment and finding of Court in favor of Plaintiff on Count II in the sum of $75,000.00 as punitive damages." (Emphasis supplied).

On September 28, 1973, the default judgment was entered in accordance with memorandum aforesaid. The copy of the proposed memorandum was received by defendant's house counsel on October 1, 1973, the Monday following the judgment entry of September 28, 1973, a Friday.

Following receipt of the court memorandum on October 1, 1973, defendant's house counsel took no action so far as plaintiff's counsel was aware until November 9, 1973, when he was advised by a telegram initiated to him by plaintiff's counsel that execution had been ordered on the judgment. This elicited a long distance telephone call from defendant's house counsel to plaintiff's counsel during which defendant's house counsel admitted his dereliction and pled for some time to see what he could do to alleviate the situation in which he found himself. Plaintiff's counsel agreed not to levy execution that date but requested defendant's house counsel to "get back to him" later that same day. House counsel did not "get back to" plaintiff's counsel and the next activity in the case was the entry of appearance of present counsel for the defendant on November 14, 1974, and the filing of defendant's Motion to Set Aside Judgment And To Quash Execution And Petition For Review.

■ A motion to set aside a default judgment is in the nature of an independent proceeding and a direct attack on the judgment. The name given the proceeding is unimportant, but in order to prevail on a motion to set aside a default judgment, the moving party must allege and prove that there was good reason for the default. Counsel's negligence in permitting the entry of a judgment by default is, in the absence of fraud or collusion, imputable to the client and the client is not entitled to relief. *Askew v. Brown,* 450 S.W.2d 446, 450[2–5] (Mo.App.1970). The motion is one which appeals to the sound discretion of the trial court and the Court of Appeals will not interfere with the trial court's action unless the record clearly demonstrates that there was an abuse of discretion and judgment on the motion was clearly erroneous. *Ward v. Cook United, Inc.,* 521 S.W.2d 461, 470[10] (Mo.App.1975).

■ While defendant does not allege fraud or collusion in the procurement of the judgment, reference is made to what it contends was a concealment of facts from the trial court which would have precluded the entry of judgment had the trial court known of their existence. These alleged facts may be divided into two categories:

(1) that his testimony at the hearing for the assessment of damages was untruthful and perjurious and (2) that he thereby concealed from the trial court that defendant actually was the source of his subsequent employment so that there was an absence of actual malice, spite, ill will, wantonness and maliciousness which was necessary to support an award of punitive damages. This contention is based upon testimony offered at the evidentiary hearing by the defendant. However, such evidence was merely in conflict with that of the plaintiff at the hearing to assess damages and is not the fraud referred to in the cases ruling on motions of this kind. False testimony or perjury ordinarily is not ground for vitiating a judgment. The fraud that vitiates a judgment is fraud which goes to its procurement, not fraud relating to the merits of the action. *Head v. Ken Bender Buick Pontiac Inc.*, 452 S.W.2d 596, 598[6] (Mo.App.1970).

We do not reach the question whether defendant presented sufficient evidence to establish that it had a meritorious defense to plaintiff's claim; the mere existence of a defense to the original action alone is ordinarily not a ground for vacating the judgment. *Rubbelke v. Aebli*, 340 S.W.2d 747, 751[3] (Mo.1960).

We have concluded that the trial court did not abuse its discretion in denying defendant's Motion to Set Aside, Quash Execution and Petition For Review and therefore affirm.

The judgment of the trial court is affirmed.

CLEMENS, P. J., and STEWART, J., concur.