**FRONTIER MOBILE HOMES et al., Appellants,**

v.

**Martha MEADOWS, Appellee.**

**No. 5523.**

Court of Civil Appeals of Texas, Waco.

Dec. 11, 1975.

Mac L. Bennett, Jr., Normangee, for appellants.

L. L. Green, Groesbeck, for appellee.

HALL, Justice.

This is a venue case. Mrs. Martha Meadows brought this suit in Leon County against Frontier Mobile Homes, M. J. Scarmado, and Celtic Corporation, pleading that Celtic manufactured a mobile home which was sold and delivered to her by Frontier and Scarmado; that the mobile home was defectively constructed of deficient materials with poor workmanship; and that Frontier and Scarmado negligently damaged the mobile home in several particulars while delivering it to the plaintiff's premises in Leon County. Alternatively, she alleged that the defendants conspired to sell her a cheap and defective mobile home, misrepresented the unit as fit for human occupance and use when it was not, and committed a fraud upon her in Leon County. She seeks the recovery of damages in the sum of $17,817.20 from the defendants, jointly and severally. Frontier and Scarmado filed pleas of privilege to be sued in Brazos County, the asserted county of their residences. Mrs. Meadows controverted the pleas, contending that under the terms of Subdivisions 7 and 9a of Article 1995, Vernon's Tex.Civ.St., the suit is maintainable in Leon County against these defendants.

After a hearing without a jury, the court overruled the pleas of privilege. We affirm.

Subdivision 7 of the venue statute permits an action based upon fraud to be brought in the county where the fraud was committed; and subdivision 9a allows a suit based upon negligence to be brought in the county where the proof shows the negligent act or omission occurred, provided the proof shows, further, that such negligent act was that of the defendant in person, or that of his servant, agent or representative acting within the scope of his employment, and that the negligent act was a proximate cause of the plaintiff's damages.

No exceptions were filed to any pleadings, and the sufficiency of the pleadings is not in issue. However, by appropriate points of error, Frontier and Scarmado question the legal and factual sufficiency of the evidence to support the implied findings of venue facts necessary to sustain the court's order under either subdivision.

The record reveals the following facts by way of evidence and inferences in support of the findings: Frontier is a partnership. Scarmado is a partner and owns one-half of Frontier. He is its business manager. Both Frontier and Scarmado are residents of Bryan in Brazos County. On March 29, 1973, Mrs. Meadows purchased a mobile home from Frontier, at Frontier's office in Bryan. She bought the home for her use in Leon County. A few days later, Scarmado went to Mrs. Meadows' place in Leon County, and she showed him how he should approach her land when delivering the mobile home to avoid hazards such as terrain, fences, trees, and ditches. On April 17, 1973, Scarmado and a man named Bynum, who was employed by Frontier for the purpose, delivered the mobile home onto Mrs. Meadows' property. In doing so, they disregarded her instructions, and approached from another direction. They caused the mobile home to go into a ditch and fall against a telephone pole and a culvert; and this in turn caused extensive damage to the

unit. If Scarmado and Bynum had followed her instructions this accident, which occurred in Leon County, would not have happened. Mrs. Meadows testified that the unit delivered to her in Leon County was not the one she purchased from Frontier at Bryan. She said the mobile home she bought "was supposed to have been a new one. I paid for a new one," but that the one delivered to her "was not like a new trailer . . .. [I]t is patched up and the doors are old and the inside doors are old and there are a lot of things to make a person think it was either done over or it had been used"; that in the one she purchased "there was a place for a deep freeze in the kitchen. This one doesn't have it. The front bedroom was carpeted and this one is not . . .. The paneling is old. The doors are old and the inside doors and the front outside door was old and had to be exchanged before I could even close it. It was all weather-warped on the outside . . .. It was not like a new trailer."

This evidence is legally sufficient to support implied findings that while Scarmado and Bynum were moving the mobile home onto Mrs. Meadows' property in Leon County they negligently failed to follow her directions and the way agreed upon by her and Scarmado, and negligently failed to keep an adequate lookout for the ditch, the post, and the culvert; and that this negligence proximately caused the accident in which the mobile home was damaged. It is also legally sufficient to support the implied finding that the mobile home delivered to Mrs. Meadows was a used unit and not the new one purchased and paid for by her. This constitutes the commission of a fraud upon her by Frontier and its agents at the place of delivery in Leon County. A review of the whole record convinces us that these findings are not against the great weight and preponderance of the evidence.

The appellants' remaining points and contentions are also without merit. All are overruled. The judgment is affirmed.