Isaac N. CANTRELL and Floyd E. Bardwell, Plaintiffs-Respondents,

v.

James E. FARRIS and Leslie Rogers, Defendants-Appellants.

No. WD32151.

Missouri Court of Appeals, Western District.

Sept. 1, 1981.

---

Walter K. Disney, Kansas City, for defendants-appellants.

Burke, Hoffman & Millin, John H. Trader, Kansas City, for plaintiffs-respondents.

Before MANFORD, P.J., and DIXON and NUGENT, JJ.

DIXON, Judge.

Defendants James Farris and Leslie Rogers appeal from an order overruling their motion to set aside a default judgment. The only issue is venue of the action.

The default judgment was rendered in the Circuit Court of Jackson County, on a petition alleging breach of contract and fraud in the sale of a supermarket consummated by a contract entered into and performed in Pettis County. The petition alleged the defendant Rogers was a resident of California but he was served in Kansas. The petition alleged Farris was a resident of Kansas, but he was served in Pettis County by delivery of a copy of the petition and summons to some member of the defendant's family over the age of fifteen at the "dwelling place or usual place of abode" of the defendant. This was in accordance with the request of plaintiffs' attorney for an alias summons to issue and be served upon defendant Farris at a specified address in Sedalia. Service to Kansas on Farris had been returned non est.

Defendants filed a motion to set aside the judgment within thirty days of rendition. The motion set forth the specific ground of improper venue.

"[U]nless a defendant is served with process, or summoned, in some manner authorized by statute law, the court is without authority to proceed." *State ex rel. Kissinger v. Allison*, 328 S.W.2d 952, 958 (Mo.App.1959). Proper venue is necessary before service of process will confer jurisdiction over the person of a defendant. *State ex rel. Rhine v. Montgomery*, 422 S.W.2d 661, 664 (Mo.App.1967). In other words, provisions for service of process are subject to the rules of venue. *State ex rel. Bartlett v. McQueen*, 361 Mo. 1029, 238 S.W.2d 393, 395 (banc 1951).

Plaintiffs contend venue was proper under § 508.010(4).[1] "When all the defendants are nonresidents of the state, suit may be brought in any county in this state; ..." Plaintiffs point to their petition, which alleged defendants were nonresidents. In fact, defendant Farris is a resident of Missouri, as shown by the sheriff's return, which is conclusive on the parties. *State ex rel. Seals v. McGuire*, 608 S.W.2d 407 (Mo.banc 1980); *O'Neill v. Winchester*, 505 S.W.2d 135 (Mo.App.1974). Section 508.010(4) is therefore inapplicable.

No other venue provision provides proper venue in Jackson County. When the defendant is a resident of Missouri, the plaintiff may sue in the county where the defendant resides or in the county where the plaintiff resides if the defendant may be found there. § 508.010(1). In the instant case, no party resided in Jackson County. "When there are several defendants, some residents and others nonresi-

---

1. Unless otherwise noted, all statutory references are to RSMo 1978.

dents of the state, suit may be brought in any county in this state in which any defendant resides." § 508.010(3). This provision fits the facts of the case, but Farris, the only in-state defendant, resides in Pettis—not Jackson—County. Finally, the special tort rule permits suit "in the county where the cause of action accrued regardless of the residence of the parties, ..." § 508.010(6). Here all significant events occurred in Pettis County; Jackson County is entirely unrelated to the case.

Respondents contend appellants waived any defect in venue by failing to answer and object. This specious answer begs the question. Venue was improper; therefore, service of process did not confer jurisdiction. *State ex rel. Boll v. Weinstein*, 365 Mo. 1179, 295 S.W.2d 62, 66 (banc 1956), addressed the same argument:

> We are unwilling to hold that a defendant, by merely staying out of court, for either a specified time or indefinitely, thereby waives his or its objection to the fact that no proper service has been had. In other words, when there has been no valid service, the defendant certainly waives nothing by not appearing; ...

It follows that the Jackson County Circuit Court acted without jurisdiction over the defendants. Its purported judgment against them is void. *Montgomery*, 422 S.W.2d at 663–64.

The judgment is reversed.

All concur.