**Conley DENTON, et al., Appellants,**

v.

**Willard E. BROWN, III, Appellee.**

**No. 10–82–033–CV.**

Court of Appeals of Texas,
Waco.

June 3, 1982.

Rehearing Denied June 24, 1982.

Gerald Weatherly, Larry M. Lavender, Francis & Lavender, P. C., Dallas, for appellants.

David E. Cherry, Pakis, Cherry, Beard & Giotes, Inc., Waco, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Denton and Grant, from order of the trial court overruling their pleas of privilege to be sued in Dallas County.

Plaintiff Brown sued defendants Denton and Grant individually and d/b/a Denton-Grant Chandeliers alleging that in July 1979 and in December 1979 plaintiff purchased a chandelier from defendants; that defendants represented each chandelier to be a genuine antique known as an 18th Century Waterford Chandelier; that such representations were material; false; known to be false when made; made with intention plaintiff act upon same; that plaintiff relied on such representation which materially induced plaintiff to purchase the chandeliers; and but for same plaintiff would not have purchased either chandelier; and that plaintiff suffered damages.

Plaintiff further plead defendants violated Section 17.46 of the Texas Commerce Code in a number of particulars.

Plaintiff plead for his damages plus attorney's fees.

Both defendants filed pleas of privilege to be sued in Dallas County, the county of their residence.

Plaintiff controverted asserting venue maintainable in McLennan County under Subdivisions 7, 23 and 30, Article 1995 VATS.

The trial court overruled pleas of privilege of both defendants.

Defendants appeal on 1 point: "The trial court's order should be reversed and the cause remanded for retrial because that order is so against the great weight and preponderance of the evidence as to be manifestly unjust".

Denton-Grant or Denton-Grant Chandeliers is a partnership composed of Conley

Denton and Tom Grant. Such partnership sold two chandeliers to plaintiff. Plaintiff purchased the first chandelier from defendants in July 1979 for $8,000.00 plus tax and commission. Plaintiff testified defendant Denton represented the chandelier to be a genuine 18th Century Waterford Chandelier made in approximately 1790, the main parts made in Ireland, later shipped to England to be decorated with prisms and later shipped to Rhodesia where defendants obtained it. The second chandelier was purchased by plaintiff from defendants in December 1979. Plaintiff testified defendant Denton telephoned plaintiff in Waco and told him he had a handsome 18th Century genuine antique Waterford Chandelier, made in approximately 1750; that he bought it for $14,240 (including commission and sales tax); that defendants delivered and installed both chandeliers in plaintiff's home in Waco, McLennan County; that the representations were a material factor in his decision to buy and but for same he would not have purchased either chandelier; that both chandeliers are in fact modern replicas of antique 18th Century Waterford Chandeliers and worth much less than a genuine antique 18th Century original. Plaintiff further testified he called defendant Grant when he found out the chandeliers were not as represented and was told by Grant that defendants "had purchased them as antiques and represented them as antiques and if they were not in fact antiques they would take them back."

Defendant Denton testified that at the time he sold plaintiff both chandeliers he knew they were not genuine 18th Century Waterford Chandeliers, and denied representing to plaintiff that they were antiques made in the 18th Century.

Subdivision 7, Article 1995 VATS provides: "In all cases of fraud * * suit may be brought in the county where the fraud was committed * * ".

The fraud in the sale of both chandeliers was completed by delivery of the chandeliers in McLennan County. *Frontier Mobile Homes v. Meadows*, Tex.Civ.App. (Waco) 531 S.W.2d 240.

The fraud in sale of the second chandelier further took place in McLennan County by virtue of defendant Denton's telephone call to plaintiff in Waco. *Enserch Exploration, Inc. v. Star Tex Propane, Inc.*, Tex.Civ.App. (Waco) no writ history, 608 S.W.2d 791.

■ Moreover, if venue is proper as to one of several causes of action, the other causes of action against the same defendants may be tried jointly to avoid a multiplicity of suits. *Middlebrook v. David Bradley Mfg. Co.*, 86 Tex. 706, 26 S.W. 935.

■ We think the evidence ample to support the trial court's order, and that same is not against the great weight and preponderance of the evidence, *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660.

Defendants' point is overruled.

AFFIRMED.