William **SULLENGER,**
**Plaintiff-Respondent,**

v.

**COOKE SALES & SERVICE COMPANY,**
**Defendant-Appellant.**

No. 63848.

Supreme Court of Missouri,
En Banc.

Feb. 23, 1983.

Rollin Moerschel, Norman C. Steimel, St. Charles, for defendant-appellant.

David W. Suddarth, Elsberry, for plaintiff-respondent.

GUNN, Judge.

This appeal involves a default judgment for false representation. The trial court denied defendant's motion to set aside the judgment, and appeal was taken to the Missouri Court of Appeals, Eastern District, which affirmed the trial court's judgment. This Court granted transfer pursuant to Art. V. § 10, Mo. Const., Rule 83.03 and Rule 83.09.

The core issue is a venue-jurisdiction matter and whether the trial court had jurisdiction to enter the default judgment against defendant. Additional issues raised on appeal by defendant are whether the plaintiff proved the elements of his claim and whether the trial court abused its discretion in refusing to set aside the default judgment.

We affirm.

After negotiations and representations made by defendant's salesman, defendant contracted to sell a used crawler tractor to plaintiff. Both plaintiff and defendant, by its salesman, signed the written sales agreement which was executed by both parties in Lincoln County. After a manifold series of mechanical breakdowns resulted in financial losses, plaintiff investigated the causes of the malfunctions. It had been represented to plaintiff at a meeting with defendant's salesman at the Mexico, Missouri airport in Audrain County that the tractor had never been used commercially but only at a training school, where it had been the subject of students' disassemblying and reassemblying parts. Instead, according to plaintiff's allegations, investigation revealed that the tractor had been owned and used by a construction company and nonstandard parts had been substituted in it.

Plaintiff filed suit in Lincoln County for fraudulent representation in the sale of goods. Personal service of process was obtained on defendant's president and registered agent in Livingston County, where the corporation maintained its headquarters and the president had his residence.[1]

Defendant filed no responsive pleadings, and the trial court, after interlocutory judgment and hearing on damages, entered final judgment in favor of plaintiff, awarding $10,000 actual and $20,000 punitive damages. Thirteen days after final judgment, defendant filed a motion to set it aside. The motion was denied after hearing.[2]

The venue-jurisdiction issue is the initial matter to be considered, with defendant asserting that the only places of possible venue are Livingston and Callaway counties, in which it maintained offices and in which its corporate president resided, or in Audrain County in which the misrepresentation was made as to the tractor's condition. This issue was first raised on appeal to the Missouri Court of Appeals.[3]

1. See § 506.150(3), RSMo 1978, and Rule 54.13(a)(3) regarding service of process on corporate officers.

2. Rule 74.05 permits the trial court to set aside a default judgment at anytime before damages are assessed and final judgment rendered. Plaintiff filed its motion to set aside the default 13 days after assessment of damages and final judgment entered. Thus, under Rule 74.05, the motion was untimely. However, the merits of otherwise untimely motions to set aside default judgments have been reached by construing them to be either timely filed motions for new trial, *Gorzel v. Orlamander,* 352 S.W.2d 675, 677 (Mo.1961), or motions invoking the court's jurisdiction to control its judgments for 30 days following entry. *Arthur v. Evangelical Deaconess Society,* 615 S.W.2d 438, 440 (Mo.App. 1981). Under this authority, the merits of the case are considered.

3. Defendant's motion to set aside the default judgment presented three points: 1) the default was not due to intentional neglect; 2) meritorious defense including "... the venue in this

Plaintiff contends that the venue issue in this instance was waived by virtue of defendant's failure to file responsive pleadings. What follows, then, is the question of whether Missouri law as constituted considers venue for personal judgment as a jurisdictional matter which may be raised for the first time on appeal.

Normally, venue and jurisdiction are independent terms, having separate and distinct meanings. Venue means the place where a case is to be tried, and jurisdiction relates to the power of the court to hear and determine the case. 20 Am.Jur.2d *Courts* § 89 (1965). Non-appearance is not a waiver to jurisdiction, and the personal judgment of a court without jurisdiction may be collaterally attacked as being void. *Crouch v. Crouch,* 641 S.W.2d 86 (Mo. banc 1982). Therefore, the issue of personal jurisdiction may be raised for the first time on appeal.

Missouri case law has provided a unique melding of venue and jurisdiction and by a long line of cases has held that proper venue is a condition precedent to valid service of process and jurisdiction. *State ex rel. Boll v. Weinstein,* 365 Mo. 1179, 295 S.W.2d 62, 66 (1956); *State ex rel. Bartlett v. Queen,* 361 Mo. 1029, 238 S.W.2d 393, 395 (1951); *State ex rel. O'Keefe v. Brown,* 361 Mo. 618, 235 S.W.2d 304, 307 (1951); *State ex rel. Minihan v. Aronson,* 350 Mo. 309, 165 S.W.2d 404, 407 (1942); *Hankins v. Smarr,* 345 Mo. 973, 137 S.W.2d 499, 500–01 (1940); *Yates v. Casteel,* 329 Mo. 1101, 49 S.W.2d 68, 69–71 (1932); *Cantrell v. Farris,* 621 S.W.2d 380, 381 (Mo.App.1981).

Of course, both venue and personal jurisdiction (as opposed to subject matter jurisdiction) may be waived when a defendant makes no motion or pleading on the issues but otherwise subjects itself to the jurisdiction of the court. *Crouch v. Crouch, supra; State ex rel. Allen v. Barker,* 581 S.W.2d 818, 828 (Mo. banc 1979); *Norman v. Norman,* 604 S.W.2d 680, 681 (Mo.App. 1980); Rule 55.27(g)(1).

Directly or indirectly, all the foregoing cited cases holding that venue is a condition precedent to personal jurisdiction depend upon *Yates v. Casteel.* And *State ex rel. Bartlett v. Queen,* 238 S.W.2d at 395, citing *Yates,* and construing what is now § 506.170, RSMo 1978 and Rule 54.13(c), expressly holds that proper venue is necessary before service of process will confer jurisdiction over the person of the defendant. Thus, the rule in Missouri is that although a defendant may waive venue and personal jurisdiction when he is before the court but fails properly to raise the issues, there is no such waiver when: 1) he makes no appearance and is thus not before the court, or 2) he is before the court but properly raises the issues. In this case, defendant did not appear, and if venue was improper the court lacked personal jurisdiction for the judgment. Accordingly, the issue of venue may be first raised and considered on this appeal.

The substantive issue simmers down to whether venue was properly in Lincoln County. For the reasons which follow, we find that it was.

First, we indite the elements of fraudulent representation as being: a representation, its falsity, its materiality, the speaker's knowledge of the falsity or his ignorance of the truth, the speaker's intent that his statement be acted upon, the hearer's ignorance of the falsity of the statement, the hearer's reliance on the truth of the statement, the hearer's right to rely on the statement and the hearer's consequent and proximate injury. *Huttegger v. Davis,* 599 S.W.2d 506, 511 (Mo. banc 1980); *Heitman v. Brown Group, Inc.,* 638 S.W.2d 316, 319 (Mo.App.1982).

Defendant argues that the only ostensible misrepresentation was made at the airport in Audrain County. Hence, so argues defendant, venue can only be in Audrain County or in the places of defendant's business or officers' residences, which are Livingston and Callaway counties. But de-

cause," though no mention is made of venue in the suggestions in support of the motion; and

3) no hardship to plaintiff by setting aside the judgment.

fendant completely overlooks the fact that the misrepresentation was perpetuated by the signing of the sales contract and delivery of the tractor in Lincoln County. In the circumstances of this case the misrepresentation did not fully ripen or vest until the tractor had been delivered to defendant, thus causing the substance of the tort to spill over into Lincoln County.

In the absence of specific applicable Missouri case law, it is appropriate to refer to other jurisdictions passing precisely on the subject. For example, *Denton v. Brown,* 634 S.W.2d 386 (Tex.Civ.App.1982) and *Frontier Mobile Homes v. Meadows,* 531 S.W.2d 240 (Tex.Civ.App.1975), are directly felicitious on the issue which is the cynosure of this case and present a fair statement of the law. In each Texas case, venue statutes similar to Missouri's § 508.010, RSMo 1978 (individual) and § 508.040, RSMo 1978 (corporation) were involved. In each case, a false representation was made in one county with delivery of the item misrepresented in another county. In each case, suit was brought in the county of delivery of the fraudulently represented item (in *Denton v. Brown,* chandeliers were involved; in *Meadows,* it was a mobile home). In the *Brown* and *Meadows* cases, each defendant argued proper venue lay only in the county in which the misrepresentation had been made. In each case, it was held that commission of fraud occurred and was completed at the place of delivery. So, too, it is in this case that the fraud continued and was completed at the place of delivery; hence, venue was properly in Lincoln County.[4]

The other points raised on appeal by defendant have been dealt with in excellent manner by Judge Satz in his opinion for the Missouri Court of Appeals. The treatment of those issues as taken from Judge Satz' opinion follows without quotation marks.

■ Defendant argues the trial court abused its discretion in refusing to set aside the default judgment. As argued by defendant, this point merely questions the trial court's exercise of its discretion. Implicitly, in its argument, defendant agrees that its motion to set aside the default appealed to the sound discretion of the trial court, and defendant also implicitly agrees that the appellate court may not interfere with the trial court's judgment on the motion unless there was an abuse of discretion. *Ward v. Cook United, Inc.,* 521 S.W.2d 461, 470 (Mo.App.1975). In addition, defendant, as the party seeking to set aside the default, has the three-part burden of proving that (1) it had a good excuse for being in default, (2) it had a meritorious defense to the action and (3) plaintiff would not be substantially harmed by the delay resulting from the default being set aside. *Hernandez v. Westoak Realty & Investment, Inc.,* 585 S.W.2d 548, 550 (Mo.App.1979); *Lester v. Dyer,* 518 S.W.2d 213, 216 (Mo.App.1974). Defendant argues that it met all three parts of its burden, but that is not so.

■ Although the trial court made no findings of fact or conclusions of law, the record could reasonably support a finding by it that defendant did not have a good excuse for being in default. Defendant's president, Oscar Cooke, was served with the

---

4. *See Woolcock v. Beartooth Ranch,* 637 P.2d 520 (Mont.1981), holding in a fraudulent representation case that place of contract and payment made would serve as basis for determining venue of action.

*Coggin Pontiac, Inc. v. Putnam Auto Sales, Inc.,* 278 So.2d 647 (Fla.App.1973) holds that though fraud occurred in one county, venue properly laid in county where fraud accrued by payment.

*Richard Bertram & Co. v. Barrett,* 155 So.2d 409 (Fla.App.1963) holds that county in which contract was signed and chattel paid for was place of venue in fraud case based on misrepresentation made in another county.

To the same effect is *Mid-South Milling Co., Inc. v. Loret Farms, Inc.,* 521 S.W.2d 586 (Tenn. 1975), holding that in a transitory action, venue in fraud case, by reason of communication of original solicitation, is the place where the chattel is delivered and placed in use.

*But see, e.g., Laurel Crest, Inc. v. Superior Court for Los Angeles County,* 235 Cal.App.2d 69, 44 Cal.Rptr. 867 (1965), holding that in fraudulent representation case, venue lies only in county of defendant's residence. But that case and others are specifically based on Cal. Civ.Pro.Code §§ 392 and 395 (West 1973), relating to local and transitory actions, not applicable to this case.

summons and petition. Cooke immediately sent these papers to Jim Rudkin, the salesman who had conducted the sale with plaintiff. Along with the papers, Cooke sent a note asking Rudkin to check into the matter. The day after he was served, Cooke also phoned Rudkin and discussed the case with him. After that, Cooke took no further action in the case because "it slipped [his] mind." He assumed Rudkin was handling the matter. About a week after receiving the suit papers from Cooke, Rudkin attempted to contact plaintiff. After using an additional week to obtain plaintiff's phone number, Rudkin phoned plaintiff every night for a week but was unable to reach him. After that, Rudkin's efforts to contact plaintiff ceased. He had no reason for stopping his efforts, and he never notified Cooke of his unsuccessful efforts. Asked why he had not notified Cooke, he replied: "it's just my negligence." Admittedly, Rudkin was recuperating from surgery and, thus, was unable to drive his car. This, however, the trial court could reject as not being a reasonable excuse for Rudkin's failure to contact Cooke or plaintiff by phone. More important, neither Cooke nor Rudkin attempted to contact plaintiff's attorney, and neither one notified defendant's attorney of the pending lawsuit.

From this evidence, it is reasonable to conclude that Cooke asked Rudkin to check into the matter and then Cooke simply forgot or neglected to pursue the matter any further and that, after Rudkin's initial attempts to contact plaintiff, Rudkin likewise failed to respond. This evidence does not amount to a reasonable excuse for the default nor does it show reasonable diligence to prevent the default. *See, e.g., Hughes v. Christian,* 586 S.W.2d 788, 791–92 (Mo.App. 1979); *Ward v. Cook United, Inc., supra* at 472; *Distefano v. Kansas City Southern Ry. Co.,* 501 S.W.2d 551, 552–53 (Mo.App.1973). As employees of defendant, the negligence of Cooke and Rudkin can be imputed to defendant. *Hughes v. Christian, supra* at 791; *Distefano v. Kansas City Southern Ry. Co., supra* at 553. Defendant, thus, failed to show its default was due to legally excusable neglect. *Ward v. Cook United, Inc.,*

*supra* at 472. This failure alone warrants the conclusion that the trial court did not abuse its discretion in refusing to set aside the default judgment, *e.g., Fulton v. International Tel. & Tel. Corp.,* 528 S.W.2d 466, 470 (Mo.App.1975), *cert. denied,* 424 U.S. 913, 96 S.Ct. 1111, 47 L.Ed.2d 317 (1976).

The question of whether defendant established a meritorious defense need not be discussed, for the existence of a meritorious defense, standing alone, is not sufficient reason to vacate a default judgment. *Rubbelke v. Aebli,* 340 S.W.2d 747, 751 (Mo. 1960); *Fulton v. International Tel. & Tel. Corp., supra* at 470.

The judgment is affirmed.

RENDLEN, C.J., HIGGINS and DONNELLY, JJ., SEILER, Senior Judge, and WASSERSTROM, Special Judge, concur.

WELLIVER, J., concurs in result in separate opinion filed.

BILLINGS and BLACKMAR, JJ., not participating because not members of the Court when cause was submitted.

WELLIVER, Judge, concurring in result.

I concur in the result. I believe it is unwise and unsound to attribute to the simple act of delivery the controlling weight the principal opinion ascribes to it. What if the tractor had been delivered to a construction site across the line in Pike County, or even across the river in Illinois, before payment was made in Lincoln County? What if it had been delivered, as it was, to Lincoln County, with payment to be made the first of the following month?

An indispensible element of the tort of fraudulent misrepresentation is proximate injury to the plaintiff. *Huttegger v. Davis,* 599 S.W.2d 506, 511 (Mo. banc 1980). A plaintiff must plead and prove

that a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act

upon it; and that he did in fact rely on it and was induced thereby to act *to his injury and damage.*

*Id.* at 512 (quoting *Latta v. Robinson Erection Co.,* 363 Mo. 47, 59, 248 S.W.2d 569, 576 (banc 1952)) (emphasis added). The test for determining "where the cause of action accrued" within the meaning of the venue statute, § 508.040, RSMo 1978, is to ascertain where the injury and damage occurred. On the facts of this case, the injury and damage that allowed the cause of action to accrue resulted from the payment plaintiff made for the tractor.[1] The county in which the payment was made and in which the concomitant injury and damage occurred happened to be the same county in which delivery was effected.

---

1. *See Coggin Pontiac, Inc. v. Putnam Auto Sales,* 278 So.2d 647, 648–49 (Fla.Dist.Ct.App. 1973). The venue statute involved in *Coggin* provided that actions against corporations could be brought in the county or district "where the cause of action accrued" and thus is identical in relevant respects to § 508.040, RSMo 1978. *See* Fla.Stat.Ann. § 47.051 (West 1969) (current version at § 47.051 (West Supp. 1982)).